EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
MARCELINO LAUREANO, acusado y apelante.

No. 2455.—*Visto:* Abril 15, 1925.  *Resuelto:* Abril 28, 1925.

1. DERECHO PENAL—CASTIGO Y PREVENCIÓN DEL DELITO—PENA EXCESIVA.—Cuando
una acusación imputa un hecho corriente y de ella no surge circunstancia
alguna que tienda a agravar el delito cometido y el acusado se confiesa
culpable y no se practica prueba, no está justificada la imposición del máximo
de la pena.

SENTENCIA de *Enrique Lloreda, J.* (Arecibo), condenando al acusado
por delito de portar armas prohibidas.  *Modificada y confirmada.*

*Francisco Cervoni,* abogado del apelante; *José E. Figueras,* abo-
gado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal de Arecibo presentó en la corte de·su distrito
una acusación que, en lo pertinente, dice:

"El referido acusado, Marcelino Laureano, el día 29 de noviem-
bre de 1924, en la calle 'McKinley' del pueblo de Manatí, que forma
parte del Distrito Judicial de Arecibo, Puerto Rico, allí y entonces
voluntaria, ilegal, maliciosa y criminalmente, sin estar debidamente
autorizado, portaba sobre su persona un revólver sistema Smith,
el cual es un arma con la que se puede causar daño corporal. Que
al conducir dicha arma el acusado, no era con motivo y en ocasión
de utilizar la misma en el ejercicio de su profesión, ocupación o
deporte."

Al llamarse el caso para juicio el acusado retiró su ale-
gación de inocente y se declaró culpable. Acto seguido la
corte lo condenó a seis meses de cárcel y al pago de las
costas. No conforme apeló para ante este tribunal. La
única cuestión que suscita en su alegato es la de que la pena
que se le impuso es excesiva.

[1] La materia de armas prohibidas fué regulada por
los artículos 540 a 552 del Código Penal aprobado en 1902
(Comp. 1902 p. 521). Un hecho de la naturaleza del im-
putado en la acusación que dejamos transcrita estaba cas-
tigado por el artículo 549 con multa de cinco a quince dó-
lares o prisión no menor de treinta días o ambas penas a

la vez a discreción del tribunal. En 1905 la Legislatura pasó una ley completa (Leyes de 1905, p. 23) que sustituyó los preceptos del Código Penal. El castigo a sus infracciones se fijó en multa mínima de cinco dólares y máxima de cincuenta, o prisión mínima de diez días y máxima de sesenta, o ambas penas. En 1908 se enmendó la ley de 1905 pero no en cuanto a las penas. Comp. 5994 a 6003.

Fué en 1924 que visto el gran número de delitos de sangre que se vienen cometiendo en la Isla debido en gran parte al uso de armas prohibidas, la Legislatura aprobó la ley que aplicó en este caso la Corte de Distrito de Arecibo, o sea la número 14 de 1924, Leyes de 1924, página 115.

El artículo 1 de esa ley dice: ''Toda persona que ilegalmente portare o condujere cualquier arma o instrumento con el cual pueda causarse daño corporal, incurrirá en pena de prisión de un mes a seis meses.''

No hay duda, pues, de la facultad de la corte sentenciadora para imponer la pena de seis meses, pero el apelante sostiene que tratándose de una ley recientemente promulgada, habiéndose declarado culpable y no concurriendo en la infracción que se le imputó circunstancia alguna que indique que no se trata de una infracción corriente, la corte abusó de su discreción al castigarlo con el máximo de la pena.

En muy pocas ocasiones esta corte juzgando las pruebas practicadas y a virtud de ellas fijando las circunstancias del caso particular sometido a su consideración, en uso del poder que le confiere el artículo 364 del Código de Enjuiciamiento Criminal, ha modificado sentencias criminales apeladas rebajando la pena, por estimarla excesiva.

No tenemos aquí las pruebas. No se practicaron, porque el acusado se confesó culpable. Sólo está ante nosotros la acusación como estuvo ante la corte de distrito y la verdad es que examinándola no surge de ella circunstancia alguna que tienda a agravar la infracción cometida. Se imputa un hecho corriente y a nuestro juicio, en tales casos,

no está justificada la imposición del máximo de la pena. Debe adoptarse un temperamento medio.

Adoptando ese temperamento, castigando al acusado a sufrir tres meses de cárcel, aún se le impone un mes más del máximo que fijaba la ley que estuvo vigente hasta unos meses antes de cometerse la infracción y se cumple el propósito de la Legislatura.

*Debe modificarse la sentencia recurrida rebajando a tres la pena de seis meses impuesta y, así modificada, confirmarse.*

El Juez Asociado Señor Aldrey, disintió.