EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JULIO LICEAGA, acusado y apelante

No. 3040.—*Visto:* Enero 21, 1927. *Resuelto:* Marzo 18, 1927.

1. DERECHO PENAL — CASTIGO Y PREVENCIÓN DEL DELITO — PENA EXCESIVA.— Cuando la acusación sólo revela un delito corriente y el acusado se declara culpable y no se practica prueba sobre la concurrencia de circunstancias agravantes, no está justificada la imposición de la pena máxima. Tal regla no es contraria a la discreción que tiene el juez para imponer la pena.

2. DERECHO PENAL—CASTIGO Y PREVENCIÓN DEL DELITO—EXTENSIÓN DE LA PENA —EN GENERAL.—La confesión del acusado, en sí misma, es una circunstancia que puede influir favorablemente en la imposición de la pena.

Sentencia de *Pablo Berga*, J. (San Juan), condenando al acusado por delito de Escalamiento en Primer Grado en grado de tentativa. *Modificada* y así modificada *Confirmada.*

*José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El Pueblo de Puerto Rico por su Fiscal formuló acusación contra Julio Liceaga imputándole la comisión de un delito de escalamiento en primer grado, en grado de tentativa, consistente en haber "allá por el día 11 de noviembre de 1926, y en la municipalidad de San Juan, . . . . ilegal, voluntaria y maliciosamente, con la intención de cometer hurto o ratería, intentando penetrar durante las horas de la noche en la casa destinada a establecimiento comercial de Francisco J. Rodríguez."

La acusación se formuló el 12 de noviembre, 1926, o sea el día siguiente de perpetrado el delito. El propio día 12 de noviembre, 1926, en corte abierta, se leyó la acusación al acusado quien, según rezan los autos,

"manifestó que se confesaba culpable del delito que se le imputaba solicitando se dicte sentencia contra él en este mismo acto."

Inmediatamente, como también rezan los autos,

"vista la confesión del acusado, en Sala de Justicia, la Corte falla declarando a dicho acusado culpable de un delito de Escalamiento en Primer Grado en grado de tentativa y a petición del propio convicto, pronuncia su sentencia, condenándole a sufrir la pena de siete años de presidio con trabajos forzados."

El 15 de noviembre, 1926, aparece un escrito firmado por el propio acusado apelando de la sentencia para ante este Tribunal Supremo. El 2 de diciembre siguiente se radicó la transcripción que contiene cuatro páginas. El 15 de diciembre el propio acusado archivó un escrito, a manera de alegato, que establece como fundamentos del recurso, los que siguen:

"Primero.—Que a instancias del Hon. Fiscal me declaré culpable en la Corte de Distrito para que el mínimum de la pena fuese impuéstome.

"Segundo.—Que apreciando mi estado de insolvencia acepté dicha proposición.

"Tercero.—Que es ya costumbre sentada por toda Corte imponerle al acusado el mínimum de la pena siempre que se declara culpable; evitando así gastos al Pueblo de Puerto Rico. Y por las causas ya enumeradas y creyendo excesiva la pena de '*siete años*' apelo a ese Hon. Tribunal Supremo para que dicha sentencia sea revocada en todas sus partes."

El 20 de diciembre, 1926, se celebró la vista de la apelación con la sola asistencia del fiscal y la causa quedó así sometida finalmente a la decisión de esta corte.

[1] En el caso de *El Pueblo* v. *Laureano,* 34 D.P.R. 209, se estableció la siguiente regla:

"Cuando una acusación imputa un hecho corriente y de ella no surge circunstancia alguna que tienda a agravar el delito cometido y el acusado se confiesa culpable y no se practica prueba, no está justificada la imposición del máximo de la pena."

El delito de escalamiento en primer grado se castiga de acuerdo con el artículo 410 del Código Penal con la pena de uno a quince años de presidio. Y de conformidad con el artículo 50, No. 1, del propio código la tentativa para cometerlo se castigará con una pena "que no excederá de la mitad del máximo de prisión impuesta al convicto del delito así intentado."

Siendo ello así, el límite máximo de la pena en este caso es el de siete años y seis meses de presidio. La pena impuesta por el juez fué la de siete años, prácticamente el límite máximo de la misma. ¿Puede subsistir?

La acusación sólo revela una tentativa corriente. No se alega circunstancia alguna que agrave el acto realizado por el acusado. Este se declaró culpable. Si existían agravantes, el Fiscal pudo someterlas a la consideración del Tribunal. No lo hizo. Quizá la corte conocía la existencia de

tales circunstancias, pero no debe actuarse fuera del récord. El acusado tenía derecho a intervenir en la investigación y a ser oído en su defensa. **La regla establecida en el caso** de *Laureano, supra,* es, pues, aplicable y aplicada nos obliga a modificar la sentencia rebajando la pena.

Dicha regla no es contraria al principio de la discreción que tienen los jueces para fijar la pena dentro de los límites marcados por la ley. Tal discreción existe, pero no es arbitraria. El legislador fijó un límite mínimo y otro máximo porque en su sabiduría conoce que un mismo acto criminal puede cometerse bajo circunstancias que mitiguen o agraven la responsabilidad de su autor. Cuando ninguna circunstancia existe, la sana razón nos lleva a decidir que la adopción de un temperamento medio es lo justo y apropiado.

[2] Además, la confesión del acusado, en sí misma, es una circunstancia favorable que debe influir en la fijación de la pena. El reo que se confiesa, acepta la plena responsabilidad de sus actos y aceptar una responsabilidad eleva y dignifica siempre la personalidad humana. Existe una marcada diferencia entre el culpable que sin obstaculizar la administración de la justicia reconoce su falta o su crimen, acata la ley y cumple la pena, y aquel que usa de todos los recursos técnicos y se aprovecha de todas las circunstancias imaginables y muchas veces no vacila en recurrir a nuevos crímenes como son los testimonios falsos y el soborno y la influencia de jueces y jurados, para eludir el cumplimiento de la ley, para escapar sin castigo.

Y si se sostuviera que podría recurrirse de modo sistemático al medio de la confesión para impedir en todos los casos, no obstante lo grave que ellos fueran, la imposición del límite máximo de la pena, bastaría recordar que después de la confesión el fiscal tiene la oportunidad de demostrar la existencia de circunstancias que exijan en justicia la imposición de dicho máximo. Véase la decisión de esta

corte en el caso de *El Pueblo v. Medina,* resuelto en 11 de febrero último, 36 D.P.R. 239.

*Por virtud de todo lo expuesto, debe rebajarse la pena a tres años y confirmarse la sentencia así modificada.*

Los Jueces Asociados Sres. Wolf y Aldrey disintieron.

### RECONSIDERACIÓN

(Abril 27 de 1927.)

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CORRECCIÓN DEL RÉCORD—EN APELACIÓN—EN GENERAL.—Una transcripción debidamente certificada y archivada en el Tribunal Supremo no puede corregirse, agregándole nuevos hechos, por la simple moción de una parte, aunque esté jurada.

2. DERECHO PENAL—FALLO *(Judgment)*, SENTENCIA Y AUTO DE PRISIÓN *(Comitment)* FINAL—CONFESIÓN DE CULPABILIDAD Y SENTENCIA SOBRE DICHA CONFESIÓN—EXISTENCIA DE CIRCUNSTANCIAS AGRAVANTES O ATENUANTES—PROCEDIMIENTO A SEGUIR PARA SOMETERLAS AL TRIBUNAL.—El procedimiento a seguir después de una confesión o veredicto de culpabilidad para someter a la corte a los efectos de la imposición de la pena, la existencia de circunstancias atenuantes o agravantes, es el marcado por el artículo 320 del Código de Enjuiciamiento Criminal y de tal procedimiento debe quedar constancia en el récord.

3. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CUESTIONES QUE NO SURGEN DEL RÉCORD—CUESTIONES QUE NO TIENEN JUSTIFICACIÓN ALGUNA EN EL RÉCORD.—El Tribunal Supremo no tomó ni podía tomar en consideración meras manifestaciones contenidas en un llamado alegato que no tenían justificación en el récord.

MOCIÓN sobre reconsideración de sentencia presentada por la parte apelada.

*José E. Figueras,* abogado de *El Pueblo,* apelado; *D. Massari,* fiscal del Distrito de San Juan, también firmó el escrito de reconsideración.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se ha presentado un escrito firmado por el Fiscal del Supremo y por el Fiscal del Distrito de San Juan, Sr. Massari, solicitando la reconsideración de la sentencia dictada en esta causa.    Dicho escrito está jurado por el fiscal del

distrito y a él se acompañó una hoja de antecedentes penales del acusado, expedida el 4 de abril actual por el Jefe del Presidio Insular.

Sostienen los fiscales que este tribunal tomó en cuenta el llamado alegato del acusado que se transcribió en la opinión y que contiene afirmaciones falsas en cuanto a supuestas sugestiones del fiscal del distrito, y además que lo cierto fué que en el acto de dictarse sentencia el fiscal informó a la corte sobre los antecedentes penales del que se confesaba culpable y debido a ello la corte impuso el límite máximo de la pena.

Aunque dada la forma en que se ha presentado la moción de reconsideración, sólo cabría declararla sin lugar porque un *record* no puede corregirse adicionándole hechos a virtud de la simple moción de una de las partes aunque sea jurada la moción, deseamos consignar que la sentencia y opinión de esta corte se basaron en las constancias del *record* completo elevado por el secretario de la corte sentenciadora y conocido por el fiscal que intervino en la tramitación del recurso, del cual resulta que no se siguió el procedimiento marcado en el artículo 320 del Código de Enjuiciamiento Criminal que dice:

"Después de una confesión o veredicto de culpabilidad y siempre que se deje a discreción del tribunal la magnitud de la pena, el tribunal, a indicación verbal de cualquiera de las partes, de que hay circunstancias agravantes o atenuantes de la pena que pueden justamente ser tomadas en consideración, puede, a su arbitrio, oir brevemente esa indicación en el plazo que fije y dando aviso a la parte contraria, en la forma que estime conveniente."

En cuanto a lo que dice el acusado, en su llamado alegato, que le insinuó el fiscal, la corte no lo tuvo ni pudo tenerlo en cuenta porque eran meras manifestaciones contenidas en un documento sin justificación en el *record*. La opinión de la corte habla por sí misma.

Parece conveniente agregar que en la moción no se dis-

cuten los principios establecidos en la opinión que sirvió de base a la sentencia cuya reconsideración se pide.

*Por virtud de todo lo expuesto, procede declarar sin lugar la reconsideración solicitada.*

Los Jueces Asociados Señores Wolf y Aldrey, disintieron.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

El Código Penal y el sistema de leyes por medio del cual somos gobernados deja la extensión de la pena a la discreción del juez sentenciador.

Los artículos 320 y 321 del Código de Enjuiciamiento Criminal disponen:

Art. 320. Después de una confesión o veredicto de culpabilidad y siempre que se se deje a discreción del tribunal la magnitud de la pena, el tribunal, a indicación verbal de cualquiera de las partes, de que hay circunstancias agravantes o atenuantes de la pena que pueden justamente ser tomadas en consideración, puede, a su arbitrio, oir brevemente esa indicación en el plazo que fije y dando aviso a la parte contraria, en la forma que estime conveniente.

Art. 321. Las circunstancias referidas deben ser presentadas por las declaraciones de testigos examinados en sesión pública del tribunal, excepto cuando el testigo esté tan enfermo o tan débil que no pueda comparecer, en cuyo caso su declaración, puede ser tomada por un juez de paz del distrito fuera del tribunal, después de notificar a la parte contraria del modo que el tribunal, estime oportuno. No se ofrecerá al tribunal, ni recibirá éste, ni ninguno de los jueces que lo formen, ninguna declaración jurada, testimonio o representación de cualquier género que sea, escrita o verbal, que tienda a la agravación o atenuación del castigo, a menos que no sea con arreglo a lo prescrito en éste y en el artículo anterior.

Se sigue de aquí, me parece, que el juez inferior tiene una completa discreción hasta que unas de las partes demuestra una razón para aumentar o disminuir la pena. Si el acusado tiene circunstancias atenuantes él debe tomar los pasos indicados en los artículos anteriores. No se hizo nada de esto en este caso. Todo lo que hizo el acusado fué confesarse culpable, lo cual es la "alegación" (*plea*)

referida al principio de la sección 320. Después de una alegación de culpabilidad, dice la ley, el tribunal tiene completa discreción a menos que el acusado haga una demostración. Una mera confesión no es suficiente.

Me parece a mí que la decisión de la mayoría es equivalente a decidir que en los casos cuando el acusado se confiesa culpable, la corte tiene que fijar una pena exactamente la mitad de lo que la ley permite.

Hasta donde haya llegado en que en algún otro caso yo hubiera estado conforme en una modificación de la sentencia, si los hechos de aquél no fueron distintos, el juicio deliberado que tengo actualmente es como se ha expresado arriba. Estoy autorizado para decir que el Juez Asociado Sr. Aldrey está conforme con las consideraciones de los párrafos anteriores.