EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO TIRADO, acusado y apelante.

No. 3612.—*Sometido*: Febrero 1, 1929. *Resuelto*: Febrero 13, 1929.

*B. Esteves* y *J. García Ducós*, abogados del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se imputó al acusado el hecho constitutivo de delito de portar y conducir en Aguada, el 16 de febrero de 1927, una pistola, arma con la cual puede causarse daño corporal.

La sentencia en parte dice:

"Se dió lectura a la acusación presentada y el acusado, por conducto de sus referidos abogados, se declaró culpable del delito de infracción al Art. 1 de la Ley Prohibiendo Portar Armas, de Junio 25, 1924, haciendo constar en récord, para los efectos legales consiguientes, 'la circunstancia de que el día 16 de febrero de 1927, a que se refiere esta denuncia, el acusado Pedro Tirado con la pistola a que se hace mención en la acusación, dió muerte al ser humano que respondía al nombre de Claudio Rodríguez; que por ese hecho Pedro Tirado fué acusado ante esta Corte por el Sr. Fiscal predecesor del compañero Francisco R. Flores por un delito de Asesinato en primer grado: que se vió el juicio correspondiente ante un jurado y el acusado fué exonerado de responsabilidad criminal y declarado no culpable, por lo que esta Corte lo absolvió libremente; que los hechos

que motivaron la acusación por el delito de Asesinato en primer grado ocurrieron en la estación del ferrocarril del pueblo de Aguada, donde el interfecto, Claudio Rodríguez, tenía su oficina, desempeñaba el cargo de Jefe de dicha estación y tenía, además, constituído su hogar.'

"En vista de la confesión de culpabilidad hecha por el acusado Pedro Tirado del delito de Infracción al Art. 1 de la Ley Prohibiendo Portar Armas, de Junio 25 de 1924, la Corte, en cumplimiento de la ley, lo declara convicto de dicho delito, y estimando las circunstancias de que el arma fué portada por el acusado en ocasión en que con ella dió muerte al ser humano Claudio Rodríguez en la estación del ferrocarril de la American Railroad Company of Porto Rico, en Aguada, donde tenía su oficina y domicilio el interfecto, la Corte le impone al referido acusado, Pedro Tirado, una pena de seis meses de cárcel, condenándolo, además, al pago de las costas de este proceso."

El acusado apeló señalando como errores haber actuado la corte con pasión, prejuicio y parcialidad al imponer el máximo de la pena y ser su sentencia contraria a la doctrina del caso de *El Pueblo* v. *Liceaga*, 36 D.P.R. 443.

No estamos conformes. El caso invocado de *El Pueblo* v. *Liceaga,* se basó en el de *El Pueblo* v. *Laureano,* 34, D.P.R. 209, en el que se estableció la siguiente regla: "Cuando una acusación imputa un hecho corriente y de ella no surge circunstancia alguna que tienda a agravar el delito cometido y el acusado se declara culpable y no se practica prueba, no está justificada la imposición del máximo de la pena", y en él se dijo:

"Dicha regla no es contraria al principio de la discreción que tienen los jueces para fijar la pena dentro de los límites marcados por la ley. Tal discreción existe, pero no es arbitraria. El legislador fijó un límite mínimo y otro máximo porque en su sabiduría conoce que un mismo acto criminal puede cometerse bajo circunstancias que mitiguen o agraven la responsabilidad de su autor. Cuando ninguna circunstancia existe, la sana razón nos lleva a decidir que la adopción de un temperamento medio es lo justo y apropiado."

Conocemos la sentencia dictada en este caso. En ella el juez sentenciador hizo constar las circunstancias que lo llevaban a imponer el máximo de la pena, y examinadas esas

circunstancias no encontramos motivo alguno para concluir que dicho juez actuara movido por pasión, prejuicio o parcialidad o que cometiera un manifiesto error.

*Debe confirmarse la sentencia recurrida.*

Los Jueces Asociados Sres. Wolf y Aldrey sólo están conformes con la sentencia. Véase el prefacio.