El Pueblo de Puerto Rico, demandante y apelado, *v.* Alfonso Peña López, acusado y apelante.

Núm. 6258.—*Sometido:* Enero 27, 1937.   *Resuelto:* Febrero 1, 1937.

*Faustino R. Aponte,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

La acusación formulada en contra del acusado apelante lee así:

"El referido Alfonso Peña López el día 29 de marzo de 1935, en Juncos, dentro del Distrito Judicial de Humacao, P. R., ilegal y voluntariamente portaba sobre su persona un revólver, arma con la cual puede causarse daño corporal y con un disparo de la cual le dió muerte a Jesús María Hernández."

En el acto del *arraignment* el acusado hizo la alegación de inocencia. En el día señalado para la vista, las partes sometieron el caso por la misma evidencia presentada en la vista de la causa que por asesinato de Jesús María Hernández se seguía ante la misma corte en contra del acusado apelante; y éste suplicó a la corte que no dictara sentencia en este caso hasta después que el jurado rindiese su veredicto en el de asesinato. Después de rendido el veredicto en contra del acusado éste se declaró culpable del delito de portar armas y la corte le impuso la pena de seis meses de cárcel, sin costas. Contra esa sentencia se ha interpuesto el presente recurso, en el que alega el apelante que la corte erró al imponerle el máximum de la pena señalada por la ley sobre portación ilegal de armas, sin tener en cuenta que el acusado se había declarado culpable.

██ En apoyo de su contención cita el apelante los casos de *El Pueblo* v. *Laureano,* 34 D.P.R. 209, y *El Pueblo* v. *Liceaga,* 36 D.P.R. 443, en los cuales esta Corte Suprema estableció la doctrina en cuanto al temperamento que debe adoptar la corte sentenciadora en aquellos casos en que el acusado confiesa su delito y se pone a merced de la corte para que ésta le imponga la pena a que se hubiere hecho acreedor, de acuerdo con las circunstancias especiales de cada caso. Sería imposible enunciar dicha doctrina en

frases más claras que las usadas por este Tribunal en los párrafos que copiamos a continuación:

"Cuando una acusación imputa un hecho corriente y de ella no surge circunstancia alguna que tienda a agravar el delito cometido y el acusado se confiesa culpable y no se practica prueba, no está justificada la imposición del máximo de la pena." *El Pueblo* v. *Laureano, supra.*

"Dicha regla no es contraria al principio de la discreción que tienen los jueces para fijar la pena dentro de los límites marcados por la ley. Tal discreción existe, pero no es arbitraria. El legislador fijó un límite mínimo y otro máximo porque en su sabiduría conoce que un mismo acto criminal puede cometerse bajo circunstancias que mitiguen o agraven la responsabilidad de su autor. Cuando ninguna circunstancia existe, la sana razón nos lleva a decidir que la adopción de un temperamento medio es lo justo y apropiado." *El Pueblo* v. *Liceaga, supra.*

Dos son las circunstancias que deben concurrir para que podamos aplicar la doctrina de los dos casos citados y resolver que la corte inferior no estuvo justificada al imponer la pena máxima. Es necesario que el acusado se haya declarado culpable, haciendo innecesaria la celebración de un juicio; y en segundo lugar, el delito imputado al acusado debe estar libre de circunstancias que tiendan a agravarlo. No cae el caso de autos dentro de los límites de la doctrina invocada por el apelante. En el acto de la lectura de la acusación, el acusado alegó ser inocente. Al ser llamado para juicio entró a él bajo su alegación de inocencia y sometió el caso por la misma prueba que ya había presentado en la causa de asesinato, rogando al tribunal no dictase sentencia hasta que el jurado rindiese veredicto, en la esperanza de que si éste era absolutorio, esa absolución eliminaría las circunstancias que tendían a agravar el delito de portar un arma prohibida. Fué después de rendido el veredicto que le declaraba culpable del delito mayor que el acusado pensó en la doctrina de *El Pueblo* v. *Laureno* y decidió acogerse a ella mediante una tardía declaración de culpabilidad.

El uso que se haya hecho de un arma prohibida no debe tenerse en cuenta para determinar si el acusado es o no culpable del delito de portar esa arma ilegalmente, toda vez que una persona puede portar un arma legalmente y cometer con ella un delito que nada tendría que ver con la legalidad o ilegalidad de la tenencia del arma. Y podría suceder y sucede con frecuencia que el portador ilegal de un arma la usara legalmente para fines de defensa. Los dos delitos, el de portar el arma ilegalmente y el que con ella se cometiere son distintos y separados y como tales deben ser juzgados. Por ejemplo, en una causa por asesinato, el hecho de que el acusado no estuviere legalmente autorizado para portar el arma homicida es absolutamente inmaterial, pues el permiso para portar un arma no autoriza ni atenúa la comisión de un delito con esa arma. Pero, una vez que el acusado ha sido declarado culpable de ambos delitos, del de portar el arma ilegalmente y del de haberla usado para agredir o matar, entonces el uso ilegal del arma para fines de ofensa constituye un agravante del delito de portarla. Y en ese caso no puede decirse que el juez sentenciador abusó de su discreción al imponer la pena máxima, como lo hizo en el presente caso.

*Por las razones expuestas se confirma la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.