EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN FERNÁNDEZ GONZÁLEZ, acusado y apelante.

Núm. 6227.—*Sometido:* Diciembre 15, 1936. *Resuelto:* Febrero 12, 1937.

*Carlos D. Vázquez,* abogado del apelante; *R. A. Gómez, Fiscal,* **y** *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

El apelante fué acusado de un delito de asesinato, **por** haber, de una manera ilegal y voluntaria, con malicia premeditada y expresa y firme y deliberado propósito de matar, causado la muerte del individuo Carlos del Toro, agrediéndole con un machete.

En el acto de la vista y ante el jurado seleccionado **para** conocer el caso, el acusado retiró su alegación de inocencia y se declaró culpable del delito de homicidio voluntario, **a** lo cual se allanó el fiscal. De acuerdo con la orden de la corte el jurado rindió un veredicto declarando al acusado cul-

pable de homicidio voluntario, y la corte le condenó a sufrir la pena de nueve años de presidio con trabajos forzados. El acusado apeló, y como único error de la corte sentenciadora señala el siguiente:

"La Corte de Distrito de San Juan abusó de su discreción al imponer al acusado la pena de nueve años de presidio por el delito de homicidio voluntario, toda vez que habiéndose declarado culpable el acusado y no existiendo ninguna circunstancia agravante en la comisión de dicho delito, dicha pena impuesta resulta inadecuada y excesiva."

En apoyo de su contención y de su súplica de que la sentencia recurrida sea modificada y reducida a dos años de prisión, cita el apelante las decisiones de esta Corte Suprema en *El Pueblo* v. *Laureano*, 34 D.P.R. 209, y *El Pueblo* v. *Liceaga*, 36 D.P.R. 443.

En el primero de dichos casos, el acusado se declaró culpable del mismo delito que se le imputaba en la acusación, o sea del delito de portar armas prohibidas, y la corte de distrito le impuso le pena máxima señalada por la ley, seis meses de cárcel. La sentencia fué modificada y reducida a tres meses, por la Corte Suprema, diciendo:

"No tenemos aquí las pruebas. No se practicaron, porque el acusado se confesó culpable. Sólo está ante nosotros la acusación como estuvo ante la corte de distrito, y la verdad es que examinándola no surge de ella circunstancia alguna que tienda a agravar la infracción cometida. Se imputa un hecho corriente y a nuestro juicio, en tales casos, no está justificada la imposición del máximo de la pena. Debe adoptarse un temperamento medio."

En *Pueblo* v. *Liceaga,* supra, el delito imputado al acusado fué el de escalamiento en primer grado, en grado de tentativa, castigable con pena máxima de siete años y seis meses de presidio. Habiendo hecho confesión de culpabilidad del delito imputádole, la corte impuso al acusado la pena de siete años, la que fué reducida por este tribunal a tres años de presidio por los mismos fundamentos del caso de *El Pueblo* v. *Laureano,* supra.

Existe una diferencia sustancial entre los dos casos citados y el de autos. En cada uno de los primeros, el acusado se declaró culpable del delito que se le imputaba en la acusación, en la cual no se alegaba circunstancia alguna agravante del delito. En el caso de autos la acusación formulada es por asesinato genérico, castigable, en caso de que el jurado le calificare como de primer grado, con reclusión perpetua, y con prisión en el presidio por no menos de diez ni más de treinta años si la calificación fuere de segundo grado. El acusado en el presente caso no se confesó culpable del delito de asesinato. Ante el riesgo de una convicción que pudiera acarrear una pena mínima de diez años o posiblemente reclusión perpetua, el acusado optó por declararse culpable del delito de homicidio con lo que se protegía contra una sentencia mayor de diez años.

La acusación en este caso imputa al acusado la comisión de un homicidio, pero alega además las circunstancias agravantes de haber actuado el acusado con malicia premeditada y expresa y con firme y deliberado propósito de matar a su víctima.

No creemos, por tanto, que sean de aplicación las dos decisiones citadas por el apelante.

Existen, sin embargo, en este caso circunstancias especiales que nos inclinan a ejercitar nuestra discreción en el sentido de modificar la sentencia recurrida. Del récord aparece que el acusado es hombre de edad ya avanzada, 61 años; que durante todo ese tiempo observó buena conducta y que nunca ha sido procesado ni convicto por otro delito. En esas circunstancias la pena de nueve años de presidio nos parece un tanto excesiva y resolvemos modificarla.

*Por virtud de todo lo expuesto, debe rebajarse la pena impuesta al apelante a cinco años y confirmarse la sentencia así modificada.*

Los Jueces Señores Presidente del Toro y Asociado Wolf no intervinieron.