El Pueblo de Puerto Rico, demandante y apelado, *v.* Marcos A. Colón Ortiz, acusado y apelante.

Núm. 6470.—*Sometido:* Abril 7, 1937. *Resuelto:* Abril 30, 1937.

*Fulgencio Piñero* y *Virgilio Brunet,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

Marcos A. Colón Ortiz fué acusado de haber dado muerte a Pablo M. Vilella Saldaña con malicia premeditada y expresa y propósito deliberado de asesinar al referido individuo. Se alega en la acusación que lo acometió y agredió con un cuchillo, infiriéndole una herida grave, penetrante, en el cuadrante superior derecho del abdomen, perforando entre otros órganos, el hígado, a consecuencia de cuya herida falleció al día siguiente.

En agosto 30 de 1936, cuando se leyó la acusación, el acusado solicitó para contestarla un término de veinticinco días que le fué concedido. Luego, alegando ser inocente, pidió ser juzgado por un jurado.

Posteriormente el fiscal de distrito modificó sus conclusiones en cuanto a la calificación del delito, rebajándolo a homicidio voluntario. Hizo constar el ministerio público que tomaba esta determinación considerando que los fines de la justicia quedaban cumplidos al calificarse los hechos objeto de la acusación como constitutivos de un delito de homicidio

voluntario. Basó su conclusión en todos los antecedentes y circunstancias del caso, así como en la prueba practicada en la investigación preliminar. El acusado dice en su alegato que admitió la acusación de homicidio voluntario y que se declaró culpable de ese delito, confiando en la clemencia que en estos casos suelen tener los jueces para con los acusados, en evitación de gastos y trabajos para El Pueblo de Puerto Rico.

Entiende el fiscal que la petición del acusado está bien fundada, arguyendo que después de haberse calificado el delito de homicidio voluntario, la acusación original no debe tomarse en cuenta. Es innecesario repetir la doctrina sentada en los casos de *El Pueblo* v. *Laureano,* 34 D.P.R. 209 y *El Pueblo* v. *Liceaga,* 36 D.P.R. 443, que ha sido explicada y discutida en *El Pueblo* v. *Peña López,* 50 D.P.R. 862 y *El Pueblo* v. *Fernández González,* 50 D.P.R. 896.

En el presente caso, tenemos que el fiscal originalmente calificó el delito de asesinato. Luego varía de modo de pensar diciendo que de acuerdo con la investigación preliminar y con los antecedentes y circunstancias del caso, debe rebajarse la calificación por exigirlo así los fines de la justicia. Entendemos que si las circunstancias que mediaron al cometerse el delito justifican las conclusiones del fiscal, éste no debió nunca haber presentado una acusación de asesinato. La corte inferior impuso al acusado la pena de ocho años de presidio, después de oír las manifestaciones del Fiscal.

El acusado admite, al declararse culpable, que infirió una herida grave a Pablo M. Vilella Saldaña con un cuchillo, que le perforó el hígado y le produjo la muerte. El juez de la corte inferior, cuyas facultades discrecionales en la imposición de la pena son bastante amplias, no condenó al acusado a cumplir diez años de presidio, que es el máximum señalado por la ley. Se limitó a imponer un castigo de ocho años. No creemos que en vista de la acusación, luego de modificada, y del ejercicio de su discreción por el juez sen-

tenciador, estaría esta corte justificada en alterar el fallo pronunciado, rebajando la pena que ha sido impuesta al acusado.

*Debe confirmarse la sentencia apelada.*