EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EDUARDO BOCANEGRA LÓPEZ, acusado y apelante.

Núm. 6763.—*Sometido:* Noviembre 10, 1937. *Resuelto:* Noviembre 30, 1937.

*Rafael S. Vidal,* abogado del apelante; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La denuncia en este caso lee como sigue:

"Yo, José R. Torres, L.C.P.I. #489, vecino de Humacao, calle de Comercio número 18, de mayor edad años, formulo denuncia contra Eduardo Bocanegra López y Ana María Merced Delgado, por delito de acometimiento y agresión grave, cometido de la manera siguiente: Que en 5 de abril 5:15 P. M. de 1936, y en la calle Noya y Hernández, esquina José Lois de Humacao, del Distrito Judicial Municipal de Humacao, P. R., que forma parte del Distrito Judicial de Humacao, P. R., los referidos acusados Eduardo Bocanegra López y Ana María Merced Delgado, allí y entonces, voluntaria, ilegal y maliciosamente, con intención criminal de inferir algún daño violento en la persona de un semejante, con el propósito de causarle daño corporal, acometieron y agredieron, el primero con los puños y una macana, y la segunda con los puños, al denunciante, ocasionándole, Bocanegra, una herida producida por una macana en la frente del denunciante y otras contusiones más en diferentes partes del cuerpo, y ella, agarrando fuertemente al denunciante, tumbándole los botones de la blusa y dándole con los puños, ocasionándole otras contusiones en

·el cuerpo, de las cuales fuí curado en la clínica Oriente de Humacao por el Dr. César Domínguez.

"Los agravantes alegados en esta denuncia consisten en que los ·acusados realizaron el delito de acometimiento y agresión en la persona del denunciante, que es un funcionario legal (Lance Corporal de la Policía Insular) que estaba allí y entonces debidamente uniformado y luciendo sus insignias como tal, y en el ejercicio de las funciones de su cargo. Hecho contrario a la ley."

La Corte Municipal de Humacao declaró culpable y sentenció al acusado a seis meses de cárcel. Éste apeló para ante la corte de distrito. Al ser llamado el caso, el acusado se declaró culpable y la corte posteriormente le impuso dos años de cárcel, o sea el máximo fijado por la ley. El acusado entonces apeló para ante este tribunal y señala como único error lo excesivo de la sentencia.

El delito fué relativamente fuerte, pero las circunstancias agravantes de por sí consistían en haber agredido a un policía. No se adujeron hechos ulteriores para demostrar las circunstancias agravantes del delito, como tampoco para mitigarlo, conforme permite el artículo 320 del Código de Enjuiciamiento Criminal. Por tanto, según se indicó en el caso de *El Pueblo* v. *Laureano,* 34 D.P.R. 209, la corte pudo haber adoptado un temperamento medio. El caso de *El Pueblo* v. *Liceaga,* 36 D.P.R. 443, también puede ser consultado. Los casos de *El Pueblo* v. *Peña,* 50 D.P.R. 862, y *Pueblo* v. *Colón,* 51 D.P.R. 408, no alteran la doctrina. Estamos muy de acuerdo en que la corte de distrito no quedaba obligada por la sentencia de la corte municipal, pero al fijar la pena ella pudo haber tomado en consideración la actuación de la corte municipal.

Nos sentimos obligados a resolver que la pena impuesta ·al aquí apelante fué excesiva. *La sentencia debe ser modificada en el sentido de fijarle una pena de un año, y así modificada, confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.