El Pueblo de Puerto Rico, demandante y apelado, *v.* Angel Hernández, acusado y apelante.

Núm. 7988.—*Sometido:* Enero 19, 1940. *Resuelto:* Enero 31, 1940.

*Negrón López & Negrón López,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En 22 de diciembre, 1938, el Fiscal de la Corte de Distrito de Mayagüez presentó una acusación contra Angel Hernández por el delito de escalamiento consistente en haber penetrado en horas de la noche en la casa habitación de Esmeralda Pabón y en haberle hurtado una cadena de oro, valorada en $12.

El acusado hizo primeramente la alegación de inocente, pero más tarde solicitó permiso para retirar su alegación y para declararse culpable del delito de escalamiento en segundo grado.

El delito de escalamiento se divide en dos grados. Cuando se comete de noche es escalamiento en primer grado, y cuando se comete de día es escalamiento en segundo grado. La pena máxima para el delito de escalamiento en primer grado es quince años de presidio y para escalamiento en segundo grado es de dos años de cárcel.

El fiscal de la corte de distrito se avino al cambio y más tarde dicha corte de distrito sentenció al acusado a año y medio de cárcel. En apelación el acusado sostiene principalmente que la pena es excesiva. Los tres señalamientos de error son específicamente como sigue:

"1.—La Hon. Corte de Distrito de Mayagüez cometió error al imponer al acusado una sentencia de un año y medio de cárcel a pesar de haber confesado el acusado su delito espontáneamente antes de la fecha del juicio, estimando el acusado y apelante que dicha pena es excesiva y que debe ser modificada (*Pueblo* v. *Liceaga,* 36 D.P.R. 443; *Pueblo* v. *Bocanegra,* 52 D.P.R. 382).

"2. La Hon. Corte de Distrito de Mayagüez cometió error al no admitir prueba sobre la reputación del acusado.

"3.—La Hon. Corte de Distrito de Mayagüez cometió error al declarar sin lugar la moción de reconsideración presentada por el acusado y apelante."

A un hombre se le acusa de escalamiento en primer grado y se allana a declararse culpable de escalamiento en segundo grado. Este caso es algo distinto a aquél en que el

acusado se declara culpable del delito imputádole. Ya el acusado, con la aquiescencia del fiscal, había obtenido una rebaja del posible castigo. Aún sin esto, si la pena máxima para escalamiento en segundo grado, que de por sí es algo leve, es tomada en consideración, no debemos resolver que la corte cometió un abuso de discreción al fijarle la pena de un año y medio de cárcel, cuando la pena máxima es de dos años. Los casos citados no militan contra esta posición. Algunas de las otras cosas que digamos sobre la moción de reconsideración son aplicables a lo ya dicho al discutir el primer señalamiento de error.

En su moción de reconsideración el acusado trató de demostrar lo que él esperaba probar, o sea que el acusado es hermano de la persona de quien se había hurtado la propiedad; que el acusado con mucha frecuencia y por razón de su parentesco íntimo con la perjudicada entraba en la casa de ésta; y que según la declaración de su hermana la acusación fué iniciada para que sirviera de correctivo al hermano.

Cuando la corte se preparaba para dictar sentencia el fiscal solicitó se le permitiera poner a la perjudicada a declarar. De su declaración era dudoso saber si el delito se cometió de día o de noche. También salieron a relucir algunos de los otros hechos que aparecían en la moción de reconsideración.

De suerte pues, que bajo todas las circunstancias de este caso, se desprende que el acusado, con la ayuda del fiscal, tuvo toda indulgencia, y tomando en consideración todos los hechos, la corte no cometió abuso alguno de discreción.

El segundo error señalado se refiere a que la corte de distrito no permitió prueba sobre la buena reputación del acusado. Esto podría presumirse pero, sea ello como fuere, la cuestión relativa a la buena reputación del acusado puede ser tomada en consideración. Sin embargo, no creemos que es un derecho absoluto del acusado, y el error, de haberlo, no fué perjudicial.

Sentimos cierta simpatía hacia este joven, más cuando se invocan los procedimientos de una corte, no es la hermana ni ninguna otra persona, la que puede determinar el grado del castigo, sino la corte misma.

*Debe confirmarse la sentencia apelada.*