EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ANDRÉS CORREA, acusado y apelante.

Núm. 8809.—*Sometido:* Julio 15, 1941. *Resuelto:* Julio 23, 1941.

*Rogelio Fernández Garzot,* abogado del apelante; *Hon. Procurador General Interino Emilio de Aldrey, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué acusado de los delitos de atentado a la vida y de portar armas prohibidas. El caso de portar armas fué sometido por la misma prueba que desfiló ante el jurado en el de atentado a la vida. En este último el jurado no llegó a un veredicto. En el de portar armas, el acusado fué declarado culpable y sentenciado a seis meses de cárcel. En un juicio posteriormente celebrado otro jurado lo absolvió del delito de atentado a la vida.

El presente recurso fué interpuesto contra la sentencia de seis meses de cárcel impuéstale por el delito de portar armas prohibidas. Fundamentándolo, alega el apelante que el juez inferior erró en la apreciación de la prueba y que en la hipótesis de que tal error no exista, la pena de seis meses de cárcel que se le impuso es excesiva.

La prueba de cargo sostiene la sentencia. De ella resulta que en la noche del 27 de mayo de 1937 el acusado en una vía pública infirió una herida con un cuchillo de cocina a Luis Rodríguez. Varios testigos vieron el arma, la que fué encontrada horas después del suceso y entregada a la policía, presentándose en evidencia luego de haber sido debidamente identificada. De los dos testigos presentados por el acusado, uno solo fué interrogado en relación con el arma, limitándose a declarar que presenció el arresto del acusado y que no vió que le ocuparan arma alguna.

El hecho de que el acusado ha sido absuelto del delito de atentado a la vida en nada puede afectar la conclusión a que llegara el juez en su apreciación de la prueba respecto al de portar armas. Además, se trata de dos delitos distintos, y aunque hubiere sido el mismo juez quien hubiese declarado al acusado no culpable de atentado a la vida, ello no implicaría necesariamente que debiera absolverlo del de portar armas, pues los elementos constitutivos de uno y otro delito son enteramente distintos.

La circunstancia de haberse sometido el caso de portar armas por la misma prueba presentada en el de atentado a la vida no equivale a una declaración de culpabilidad y por consiguiente no tendría que tomarla en cuenta el juez sentenciador para imponer una pena menor de la máxima señalada por la ley. Los casos de *El Pueblo* v. *Laureano,* 34 D.P.R. 209, *Pueblo* v. *Liceaga,* 36 D.P.R. 443, y *Pueblo* v. *Bocanegra,* 52 D.P.R. 382, invocados por el acusado, no sostienen su tesis, pues en todos ellos los acusados hicieron declaración de culpabilidad, circunstancia ésta que no con-

curre en el caso de autos. La pena impuesta no excede del máximo que señala la ley. Tampoco existe razón legal alguna que nos justifique en intervenir con la discreción del juez sentenciador al imponerla y por consiguiente no debemos alterarla.

No habiéndose demostrado la existencia de los dos errores señalados ni apareciendo de los autos que se cometiera algún otro por el cual se hubieren lesionado los derechos sustanciales del acusado, *procede la confirmación de la sentencia.*