HIPÓLITO ANGLERÓ TEXIDOR, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* AP-65-8     *Resuelto:* 27 de mayo de 1965

*Edna Abruña Rodríguez,* abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El peticionario fue convicto del delito de violación y portación de armas. Los hechos que dieron motivo a su convicción—violación mediante el uso de la violencia— fueron cometidos por el peticionario y dos coacusados más, quienes también fueron convictos.

La vista del hábeas corpus fue celebrada en el Tribunal Superior, Sala de San Juan, y el peticionario estuvo representado por abogado. El recurso fue declarado sin lugar. El único error señalado lee como sigue:

"Trátese como Hábeas Corpus o como Moción sobre Nulidad de Sentencia la sentencia dictada es ilegal de acuerdo a la jurisprudencia de *Pueblo* v. *Liceaga* y *Miranda* v. *Tribunal,* por cuanto los acusados hicieron alegación de culpabilidad y la sentencia fue producto de el juicio que se le celebró en los periódicos a los acusados."

Yerra el peticionario porque *Pueblo* v. *Liceaga,* 36 D.P.R. 443 y *Miranda Colón* v. *Tribunal Superior,* 88 D.P.R. 301 (1963) no hacen ilegal la sentencia dictada en este caso. En *Liceaga* seguimos lo dicho en *Pueblo* v. *Laureano,* 34 D.P.R. 209, al efecto de que cuando el acusado se declara culpable y no hay circunstancias agravantes no está justificada la imposición del máximo. De inmediato digamos que el caso de autos es distinto al de *Miranda* v. *Tribunal,* supra, citado por el peticionario, en el cual no había circunstancias agravantes y se impuso el máximo. En el caso de autos no se impuso el máximo y las circunstancias fueron agravantes. La sentencia en cuestión fue una indeterminada de 25 a 50 años. Bajo nuestro Código Penal el Tribunal pudo haber impuesto hasta un máximo de prisión perpetua. Arts. 33 y 258; 33 L.P.R.A. secs. 53 y 964. Las circunstancias del delito: violación llevada a cabo de la manera más alevosa por tres individuos, acompañada de una paliza a la víctima y del delito de contra natura, son de las que pueden considerarse agravantes. Ya en 21 de julio de 1961 cuando vimos este caso en apelación expresamos que "examinados los autos detenidamente y especialmente las circunstancias del delito confesado por el acusado, no encontramos fundamento alguno para alterar la sentencia impuesta . . . . No se trata de un caso apropiado para el ejercicio de nuestra discreción para rebajar la pena impuesta."

[3-4]  En cuanto a la doctrina de *Liceaga*, el otro caso citado por el peticionario, en *González de Jesús* v. *Jefe Penitenciaría*, 90 D.P.R. 31 (1964) dijimos:

"Dicha regla, como toda regla de derecho, no es para aplicarse mecánicamente. Está sujeta a ser atemperada a los hechos de cada caso. Corresponde al juez sentenciador en el ejercicio de su discreción fijar la sentencia, siempre que ésta quede dentro de los límites fijados por la ley y salvo el caso poco común de abuso de discreción, en cuyo caso, podría contravenir la norma sentada en *Liceaga*, supra. Ya en dicho caso de *Liceaga*, a la pág. 446, dijimos que esa regla 'no es contraria al principio de la discreción que tienen los jueces para fijar la pena dentro de los límites marcados por la ley'."

No podemos interpretar la citada regla de *Liceaga* automáticamente como si cada declaración de culpabilidad de un acusado equivaliese a una enmienda al Código Penal. En el Código están dispuestos legislativamente los límites mínimos y máximos de las penalidades para cada delito y, salvo lo antes dicho, esos son los límites dentro de los cuales los jueces ejercerán su discreción.

*Se confirmará la sentencia del Tribunal Superior, Sala de San Juan, dictada en este caso.*