UNITED STATES ex rel. Marino
MICHELOTTI

v.

Grant PRICE, Warden, Allegheny County
Jail, Pittsburgh, Pennsylvania.

Civ. A. No. 64–387.

United States District Court
W. D. Pennsylvania.

June 15, 1964.

Marjorie H. Matson, Pittsburgh, Pa., for petitioner.

Richard P. Steward, Dist. Atty. of Beaver County, Beaver, Pa., Walter E. Alessandroni, Atty. Gen., Commonwealth of Pa., Robert Duggan, Dist. Atty. of Allegheny County, for respondent.

GOURLEY, Chief Judge.

In this state habeas corpus proceeding, two issues are presented to the Court:

1. Has petitioner exhausted his remedies in the state courts?
   The answer is "yes."

2. Were the guilty pleas on which petitioner's sentences are based constitutionally valid?
   The answer is "no."

## I. REMEDY DESIRED

Petitioner is attempting to set aside a conviction for burglary, for which he was sentenced to not less than ten (10) years and not more than twenty (20) years, and a conviction for assault with intent to kill, (hereinafter sometimes referred to as "assault") for which he was sentenced to not less than two (2) years and not more than seven (7) years, the latter sentence to commence at the expiration of the first. Each conviction was based upon a separate indictment and was entered after a plea of guilty.

## II. EXHAUSTION OF STATE REMEDIES

### A. *Facts.*

In 1954, petitioner filed a petition for writ of habeas corpus, *pro se*, in the state courts wherein he attacked the sentence based on the burglary conviction. While the denial of his petition was appealed to the Pennsylvania Superior Court, no further appeal was taken to the Pennsylva-

nia Supreme Court. The Superior Court took the unusual step of ordering the brief of petitioner stricken from the file of said Court. Petitioner remained in custody until 1963, when he was paroled as a result of sentence having been commuted by the Pennsylvania Pardons Board. On March 7, 1964, a detainer was lodged against petitioner as a parole violator. Petitioner remained in custody on the Parole Board detainer until he was released on bond by an Order of this Court on April 30, 1964. No hearing under the applicable Pennsylvania procedures has been accorded him to date.

### B. *Exhaustion on the Basis of the Contentions Raised in the State Courts.*

When the unusual action of the Pennsylvania Superior Court in ordering petitioner's brief stricken from the file of said Court is considered in conjunction with the then status of the petitioner as a state prisoner unaided by counsel, it appears to the Court that petitioner is excused from not having filed an appeal at that time and that, under these extraordinary circumstances, petitioner must be deemed to have exhausted his state remedies.

Furthermore, since the time period for filing an appeal to the Pennsylvania Supreme Court from the decision of the Superior Court relative to the 1954 petition for habeas corpus obviously has expired, it appears to the Court that the prior state proceeding might well be deemed res judicata in the state system, even though habeas corpus is not normally subject to the usual doctrines of res judicata. Assuming that the prior determinations in the state courts are res judicata in the state system, then there are, in effect, no remedies remaining in the state court system and, therefore, exhaustion of state remedies exists for this reason as to the sentence based on the burglary.[1]

---

1. The parties have stipulated and agreed that there are no remedies presently available to petitioner by way of further appeals from the decision of the Superior Court dismissing petitioner's appeal. Whether they intended this agreement to include further habeas corpus petitions and whether the Court could find an exhaustion of state remedies from such an agreement are questions which the Court need not, and will not, consider in this proceeding.

Accordingly, the Court is satisfied that state remedies have been éxhausted and that the Court has jurisdiction to grant habeas corpus relief from the conviction based on the plea of guilty to the burglary charge.

C. *Exhaustion Independent of the Contentions Raised in the State Courts.*

In addition, because of the peculiar status of a parolee under Pennsylvania law, the statutory requisites of 28 U.S. C.A. § 2254 have been met and the Court has jurisdiction to consider, independent of any exhaustion based on the 1954 habeas´ corpus petition, not only the sentence based on the burglary charge, but also the sentence based on the assault with intent to kill charge.

If the sentence based on the burglary conviction is not vitiated and set aside, petitioner would be detained under that sentence and this Court would not have jurisdiction to consider the constitutional validity of the plea to assault with intent to kill, but if the burglary sentence is vitiated, petitioner's detention would be based on the assault sentence, and the Court would have such jurisdiction, provided that state remedies have been exhausted or are absent.

It is not seriously disputed that petitioner did not challenge the assault sentence in his 1954 habeas corpus petition since he was not at that time being detained under the assault sentence. Therefore, his state remedies have not been exhausted and, ordinarily, petitioner would be required to first raise his constitutional objections to the assault plea in the state courts before he could raise them in the federal district court.[2]

However, in this particular case, the statutory prerequisites of 28 U.S.C.A. § 2254 are 'met, even though the state courts have not had the opportunity to consider his contentions. Under Pennsylvania law, the state courts do not take jurisdiction to grant habeas corpus relief when the petitioner is on parole, not considering the restrictions while cn parole sufficient to constitute the requisite confinement or custody.

The lack of a remedy in the state courts is not effected by the fact that petitioner had been held on a detainer by the Parole Board. Even if the state courts would take jurisdiction to determine whether or not petitioner was properly being detained as a technical parole violator or whether the Parole Board was properly exercising its discretion, a question seriously disputed by counsel for petitioner and the Attorney General of the Commonwealth of Pennsylvania, until such time as the parolee was given a hearing and formally committed as a technical parole violator, it is the opinion of the Court that, as a matter of state law, he would still be in the position of a parolee and not sufficiently confined for the state courts to take jurisdiction to determine the constitutional basis of the conviction on which he is being detained. Furthermore, the likelihood that the state courts would not take jurisdiction is increased by the fact that petitioner is now out on bond by virtue of an Order of this Court on April 30, 1964, and presently is not confined by the state authorities.[3]

Under the circumstances, petitioner has no remedy in the state courts to determine the validity of either the bur-

---

2. Had petitioner challenged the assault sentence in his 1954 petition, the Court would be faced with the question of whether or not denial of the petition attacking both the burglary and assault sentences would constitute an exhaustion of state remedies giving the Court jurisdiction to consider the validity of the assault conviction if the burglary conviction is vitiated, even though petitioner was not at the time of the 1954 petition serving the assault sentence. The Court expresses no opinion on this question.

3. Were "exhaustion" based solely on the fact that petitioner was out on bond, this Court might well have to determine whether or not the existence of jurisdiction in habeas corpus and/or the exhaustion of state remedies was to be determined as of the time of the filing of the petition or the time of the filing of the Court's Opinion and Order, but since "exhaustion" rests on alternative grounds as well, this issue will not be discussed or determined.

glary or the assault sentence, and this Court will not relegate petitioner to the futile course of going through the state courts when denial of relief is a foregone conclusion under the present state of the law in the Commonwealth of Pennsylvania.

### III. VALIDITY OF THE PLEAS

A. *Facts.*

In 1952, petitioner was arrested at his home in Pittsburgh, Pennsylvania, on a charge of burglary and committed to Beaver County Jail. A pretrial petition for writ of habeas corpus was filed in his behalf in the Court of Common Pleas of Beaver County. Petitioner's family retained Attorney Charles Caputo of the Allegheny County Bar who, in turn, associated with him Attorney A. G. Helbling of the Beaver County Bar. Petitioner's pretrial petition for writ of habeas corpus was, after hearing, denied. Soon thereafter, on May 8, 1952, petitioner escaped from the Beaver County Jail. He was soon recaptured and returned to custody. There was widespread publicity in Beaver County in reference to petitioner's jail break.

Early in June, 1952, petitioner was notified that he and his co-defendant, Theodore Melensky, were to be tried on June 10, 1952. An informal request for a severance of the trials of petitioner and Melensky was made to the District Attorney, but apparently consent to such a severance was not given and a formal motion to the Court was not made. Attorney Helbling knew that Attorney Caputo would not be available for trial at the June Term, but he did not notify Attorney Caputo of the date of trial nor did he request a postponement, and he continued to represent both petitioner and Melensky.

By reason of the widespread public prejudice against this petitioner resulting from his jail escape, it became apparent to Attorney Helbling that of his two clients, the only one for whom he might possibly secure an acquittal was Melensky. A severance not having been consented to, it became apparent to Attorney Helbling, as it would to any practical, realistic attorney, that if a joint trial were held, the result would probably be convictions of both defendants. Faced with this situation, Attorney Helbling suggested to petitioner the advisability of entering a plea of guilty, and petitioner did so plead.

Pleas were also entered to a number of charges arising out of the prison break, including a charge of assault with intent to kill, the only one of said charges for which sentence was imposed. An information charging prison breach was used as a basis not only for an indictment for said offense, but also for an indictment charging robbery, assault with intent to kill, aggravated assault and battery, assault and battery and conspiring to do an unlawful act.

B. *Discussion.*

Two constitutional issues are presented by the record in this proceeding:

1. Were the guilty pleas of Michelotti knowingly and voluntarily entered?
   The answer is "no."

2. Did the representation by an attorney representing two co-defendants, in the circumstances of this case, present such a conflict of interest as to constitute a lack of counsel violative of the federal concept of "due process?"
   The answer is "yes."

▇▇▇ Without implying any criticism of counsel in the case, which counsel the Court is certain represented both Petitioner and Melensky as well as any one attorney could have under the circumstances, nevertheless, the effect of the widespread publicity about the prison break was to create such a conflict of interest between the co-defendants that no one attorney could constitutionally remain as attorney for both defendants. Attorney Helbling having remained as counsel for both defendants, the entire proceeding as to petitioner is vitiated and the conviction must be set aside, even though it is possible that an attorney without such a conflict might well have also suggested that, under these circumstances, pleas of guilty be entered.

That no conflict of interest may have existed as to the plea to assault with intent to kill is irrelevant since the entire sentencing procedure was tainted by the burglary plea aspect of the proceeding. Furthermore, the record of the sentence indicates that counsel advised his client to plead guilty to offenses of which counsel indicated he believed petitioner to be innocent. No inquiry was made of petitioner as to whether the plea was being entered voluntarily and with full understanding of the consequences.

Under these circumstances, the plea to assault cannot stand, especially since the absence of an information for assault might well, under Pennsylvania law, have subjected the indictment for this charge to quashing, thereby, through delay, removing the public concern aspect of the case.

Accordingly, the statutory requisites of 28 U.S.C.A. § 2254 having been met and the pleas of guilty being constitutionally invalid, the Petition for Writ of Habeas Corpus will be granted.

This Opinion is adopted as Findings of Fact and Conclusions of Law.

An appropriate Order is entered.