MEDARDO TORRES MARTÍNEZ, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* AP-65-49      *Resuelto:* 29 de marzo de 1966

*Elizabeth A. de Watlington,* abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados del apelado.

PER CURIAM: El peticionario-apelante fue convicto del delito de escalamiento en primer grado, cometido conjuntamente con otras dos personas en un establecimiento comercial. Al juicio compareció representado por abogado y se declaró culpable. El juez que presidía estuvo renuente a aceptar su declaración de culpabilidad pero ante la insistencia personal del acusado el magistrado la aceptó y lo sentenció a una pena de 5 a 10 años de presidio. Como se sabe, la penalidad que provee el Código Penal para ese delito es de uno a quince años. 33 L.P.R.A. sec. 1593. El acusado no apeló.

Siendo ya firme la sentencia el peticionario-apelante radicó un recurso de hábeas corpus ante el Tribunal Superior. Alegó en su petición que no había tenido debida asistencia legal en el juicio y que la sentencia impuéstale es excesiva.

Se celebró la vista del recurso ante un juez distinto a aquél que presidió el juicio original. Como resultado de la prueba practicada, la solicitud de hábeas corpus fue declarada sin lugar.

Apeló el peticionario por derecho propio y nosotros remitimos el caso a la Sociedad Para Asistencia Legal para que proporcionase al apelante los servicios legales necesarios para tramitar su apelación.

██ Los errores señalados son los antes mencionados. Hemos leído la transcripción de evidencia de la vista del hábeas corpus celebrada en el Tribunal Superior y estamos satisfechos de que el peticionario tuvo adecuada asistencia legal en el juicio original.

██ Los abogados al defender a los acusados tienen el deber de velar porque éstos sean juzgados dentro de los sanos principios del debido procedimiento de ley pero los abogados no pueden cambiar los hechos. Una debida asistencia legal le garantiza al acusado un juicio justo e imparcial pero no puede garantizarle que será declarado inocente si es culpable. En cuanto a la pena impuesta la misma es legal pues claramente está comprendida dentro de los límites mínimo y máximo que dispone la ley. Siendo legal, como lo es, el hábeas corpus no puede derribarla.

En cuanto a lo solicitud de clemencia que está implícita en el párrafo quinto de la petición del acusado, éste puede solicitar la clemencia ejecutiva o en su defecto puede, tan pronto cumpla el mínimo, solicitar que su caso sea considerado por la Junta de Libertad Bajo Palabra. Ante un procedimiento llevado dentro de ley en el Tribunal Superior, nosotros no podemos declarar con lugar un recurso que no tiene mérito.

*Se confirmará la sentencia apelada.*