495 P.2d 503

**STATE of Arizona, Appellee,**

v.

**Dixon FAGERBERG, III, Appellant.**

**No. 1 CA–CR 393.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 12, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Harold R. Scoville, Phoenix, for appellant.

HAIRE, Chief Judge, Division 1.

A complaint was filed in the Northeast Phoenix Justice of the Peace Court charging the appellant with two misdemeanor counts of illegal possession of dangerous drugs in violation of A.R.S. §§ 32–1964 and 32–1975 (as amended 1967), and A.R.S. § 32–1965 (1956). He pleaded not guilty, and after a trial in the Justice Court which resulted in a verdict of guilty on one count and not guilty on the other, he filed a notice of appeal to the Superior Court. After a jury trial in the Superior Court appellant was again convicted of the crime of possession of dangerous drugs, a misdemeanor. He then filed a notice of appeal to this Court, and in his brief raised questions concerning the propriety of a search warrant issued by the Justice of the Peace, and the sufficiency of the evidence relied upon for the conviction.

At the time set for oral argument, this Court on its own motion raised the question of its jurisdiction, and gave the parties an opportunity to file memoranda on the question.

Article 6, § 9 of the Arizona Constitution, A.R.S. provides that this Court's jurisdiction "shall be as provided by law". A.R.S. § 12–120.21 states that:

"A. The court of appeals shall have:

"1. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes punishable by death or life imprisonment." [1]

---

1. See also A.R.S. § 12–2101, discussed later in this opinion. Subsections A and B of § 12–2101 read as follows:

"A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

Thus, if there were statutory provisions allowing an appeal from the Superior Court under the facts of this case, this would be the proper appellate court. However, not only are there no statutory provisions allowing such an appeal—there is a statute expressly prohibiting an appeal under the above facts.

A.R.S. § 22–375 reads as follows:

"A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

"B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."

Here, no question is raised concerning the "validity of a tax, impost, assessment, toll, municipal fine or statute". While at first glance arguably it might appear that jurisdiction could be bottomed on the provisions of A.R.S. § 12–2101, subsec. B, quoted in Footnote 1, *supra*, we have recently discussed that statute and have held that the language contained therein "brought into a superior court from any other court" does not refer to cases *appealed* from the Justice Court, but rather refers to cases transferred or brought into the Superior Court by some process other than by appeal. See Morgan v. Continental Mortgage Investors, 16 Ariz.App. 86, 491 P.2d 475 (1971).

Appellant in its post-oral argument memorandum concedes that this Court has no jurisdiction and that the appeal must be dismissed. We further note that in accordance with the principles enunciated in Crouch v. Justice Of Peace Court Of Sixth Precinct, 7 Ariz.App. 460, 440 P.2d 1000 (1968) and Morrison v. Superior Court, 10 Ariz.App. 601, 461 P.2d 170 (1969), this

Court would likewise lack special action jurisdiction to consider this matter.

The appeal is dismissed.

EUBANK, J., and PHILIP W. MARQUARDT, Superior Court Judge, concur.

NOTE: Judge EINO · M. JACOBSON having requested that he be relieved from consideration of this matter, Superior Court Judge PHILIP W. MARQUARDT was called to participate in the determination of this decision.

---

"B. From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court, except in actions of forcible entry and detainer when the annual rental value of the property is less than three hundred dollars."