EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HERNÁN SANTIAGO PADILLA, acusado y apelante.

*Número:* CR-70-155     *Resuelto:* 13 de septiembre de 1972

*Santos P. Amadeo* y *Ángel Valencia Valle,* abogados del apelante; *Gilberto Gierbolini, Procurador General,* y *Jorge Ríos Torres, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal.

Contra el acusado se radicaron cinco acusaciones. Tres de ellas fueron por ataque para cometer asesinato, otra por infracción al Art. 8 de la Ley de Armas en grado subsiguiente y la quinta por infracción al Art. 6 de dicha ley.

En uno de los casos por ataque para cometer asesinato fue encontrado culpable de ataque para cometer homicidio y se le impuso una pena de 4 a 10 años de presidio, en grado subsiguiente. En los otros dos fue encontrado culpable de acometimiento y agresión grave, imponiéndosele una pena de un (1) año de cárcel en cada caso.

Por la infracción al Art. 8 de la Ley de Armas en grado subsiguiente fue sentenciado a cumplir de 3 a 7 años de presidio, y por la infracción al Art. 6 se le impuso una pena de un (1) año de cárcel.

Estas sentencias fueron impuestas para ser cumplidas concurrentemente.

Los cinco casos se vieron conjuntamente. Los tres casos de ataque para cometer asesinato y el de infracción al Art. 8 de la Ley de Armas, ante jurado y el de infracción al Art. 6 de dicha ley, por tribunal de derecho. El veredicto en los cuatro casos fue por mayoría de 9 a 3 de los jurados.

■ El primer error señalado consiste en atacar la validez de las sentencias en los cuatro casos vistos ante jurado porque el veredicto de culpabilidad no fue rendido por unanimidad, cuestión ésta que ya ha sido resuelta por este Tribunal adversamente al apelante. *Pueblo* v. *Hernández Soto,* 99 D.P.R. 768 (1971). No se cometió el primer error.

■ En su segundo señalamiento de error, el apelante alega que son nulas las sentencias indeterminadas impuéstales en dos de los casos como delincuente subsiguiente porque

el Art. 56, inciso 2 del Código Penal, 33 L.P.R.A. sec. 131(2), en el cual se basan, viola la doctrina de la separación de poderes al privarle al juez sentenciador de la discreción para graduar la pena. Como única autoridad cita en su apoyo el caso de *People* v. *Tenorio*, 473 P.2d 993 (1970).

En el caso de *Tenorio*, el acusado fue convicto del delito de posesión de marihuana. El acusado admitió haber sido convicto ocho años antes por el mismo delito. La ley infringida contenía una disposición que impedía a los tribunales eliminar la alegación del delito anterior a menos que mediara una moción del fiscal. El Tribunal Supremo de California anuló dicha disposición.

Sostuvo dicho tribunal que a la luz de la doctrina de separación de poderes, el poder conferídole al fiscal, en efecto, privaba al poder judicial de ejercer su discreción en la imposición de la pena, prerrogativa ésta que fundamentalmente reside en el poder judicial.

Convenimos con el Procurador General que lo allí resuelto nada tiene que ver con las disposiciones del Art. 56 del Código Penal.

El Art. 56 provee para la forma de sentenciar a los convictos de delito en grado subsiguiente. Dispone en el inciso 2, que es la modalidad aquí envuelta, que si el subsiguiente delito aparejare en primera convicción pena de presidio por un término de 5 años o menos, el delito subsiguiente se castigará con pena de presidio por un término máximo de 10 años.

Hemos resuelto en otras ocasiones que el fin de las disposiciones del Art. 56 y otros similares de nuestro Código Penal es el de imponer una pena más severa al reincidente, *Sánchez* v. *Angeli*, 80 D.P.R. 154 (1957); y que el calificativo de "subsiguiente" sólo afecta la discreción del juez sentenciador al imponerle la pena al acusado una vez que éste ha sido convicto. *Pueblo* v. *Cabán Rosa*, 92 D.P.R. 866 (1965).

El referido artículo le permite al juez sentenciador un margen de fluctuación entre el mínimo y el máximo de la

pena dentro del cual puede ejercer su discreción, *Sánchez* v. *Angeli*, supra, siempre conservando su tradicional potestad de recibir prueba de las circunstancias atenuantes o agravantes a los fines de la imposición de la pena. Regla 171 de Procedimiento Criminal.

La facultad de crear delitos y fijar las penas ha sido siempre prerrogativa del Poder Legislativo. Art. 5, Código Penal, 33 L.P.R.A. sec. 5. El apelante no ha demostrado ni vemos nosotros conflicto alguno entre la fijación de la pena para los convictos de delitos en grado subsiguiente provista en el Art. 56 y la disposición constitucional sobre separación de poderes.

El último señalamiento de error es un ataque a la sentencia de 4 a 10 años de presidio impuéstale por el juez por el delito de ataque para cometer homicidio, en grado subsiguiente.

La acusación radicada contra el apelante le imputaba el delito de Ataque Para Cometer Asesinato. Art. 218 del Código Penal, 33 L.P.R.A. sec. 732. Este delito no se caracteriza en dicho artículo, pero por definición es un delito grave pues apareja una pena de presidio. Art. 14, Código Penal, 33 L.P.R.A. sec. 35.

En dicha acusación se alegó, y el apelante admitió, convicciones anteriores en tres casos por los delitos de Ataque Para Cometer Asesinato. El jurado lo declaró culpable de Ataque Para Cometer Homicidio. El juez sentenciador le impuso una pena de 4 a 10 años de presidio con trabajos forzados en grado subsiguiente.

Sostiene el apelante que el juez sentenciador, actuando bajo las disposiciones del Art. 223 del Código Penal, 33 L.P.R.A. sec. 762, le impuso una pena de presidio (delito grave) en vez de condenarle a una pena de cárcel o multa (menos grave) como lo autoriza dicho artículo; que dicho artículo es inconstitucional porque: (1) "[e]l poder legislativo no puede delegar en la rama judicial la facultad de

determinar si un delito es *grave* o *menos grave,* ya que esta función compete exclusivamente al poder legislativo"; y (2) aun reconociendo dicha facultad, el poder legislativo vendría obligado a establecer las normas para la clasificación de los delitos, de conformidad con la doctrina de la delegación y separación de poderes.

El Art. 223 dispone lo siguiente:

"Toda persona que fuere culpable de asalto o agresión con intento de cometer algún delito grave, excepción hecha de asesinato, y cuya pena no estuviera prescrita en la anterior sección, incurrirá en la de presidio por un término máximo de cinco años, o de cárcel por el máximo de un año, o multa que no excederá de quinientos (500) dólares, o ambas penas, a discreción del tribunal."

Desde principios de siglo, reconocimos en *Pueblo* v. *Llauger,* 14 D.P.R. 548 (1908), la existencia del delito de Ataque Para Cometer Homicidio bajo nuestros estatutos penales. Resolvimos allí que siendo el homicidio un delito grave (*felony*) y "[n]o hallándose comprendida en el Artículo 222 del Código Penal, una agresión con intención de cometer dicho delito grave, o sea homicidio, es claramente castigable con arreglo al Artículo 223 del dicho Código". *Pueblo* v. *Llauger,* supra, pág. 554. Y en *Pueblo* v. *Dumas,* 14 D.P.R. 397, 404 (1908), resolvimos que el delito de ataque para cometer homicidio está comprendido en el ataque o agresión para cometer asesinato.

Con arreglo al Art. 223 la pena señalada que puede imponerse por agresión con intención de cometer un delito grave, como el homicidio, es de presidio por un término máximo de cinco años, o de cárcel por el máximo de un año, o multa que no excederá de quinientos dólares, o ambas penas a discreción del tribunal.

Nuestro Código Penal, al igual que el Código Penal de California, contiene disposiciones que como las del Art. 223 fijan en la alternativa penas de presidio o de cárcel y multa,

en un número de delitos sin calificarlos expresamente como graves o menos graves. (¹) Para caracterizarlos es necesario referirse a la distinción general hecha en el Art. 14 del Código, 33 L.P.R.A. sec. 35:

"Delito grave es un crimen castigado con la pena de muerte o de presidio. Delito menos grave comprende todos los demás delitos. Cuando un delito castigable con pena de presidio, apareja también la de multa o cárcel, a discreción del tribunal, se considerará menos grave, para todos los efectos, después de dictada sentencia imponiendo una pena que no fuere de presidio."

■ Son varios los casos de California que bajo una disposición similar a la de nuestro Art. 14 han sostenido que un delito que apareje una u otra pena—presidio o cárcel—se considera delito *grave* para todos los efectos *hasta* que se dicte la sentencia. *People* v. *Walker*, 76 Cal. Rptr. 924 (1969); *People* v. *Johnson*, 330 P.2d 894 (1958). En Puerto Rico hemos decidido que cuando un delito calificado como grave castigable con pena de presidio, apareja también la de multa o cárcel, a discreción del tribunal, se considerará menos grave para todos los efectos *después* de dictada sentencia imponiendo una pena que no fuere de presidio. *Pueblo* v. *Moura*, 5 D.P.R. 21 (1903).

El apelante alega que el Art. 223 le confiere al juez, en efecto, la facultad de determinar si un delito es grave o menos grave, función ésta que le corresponde al Poder Legislativo y que éste no puede delegar. Cita el apelante el Art. I, Sec. 2, de la Constitución del Estado Libre Asociado de Puerto Rico, que lee como sigue:

"El gobierno del Estado Libre Asociado de Puerto Rico tendrá forma republicana y sus Poderes Legislativo, Ejecutivo y Judicial, según se establecen por esta Constitución, estarán igualmente subordinados a la soberanía del pueblo de Puerto Rico."

---

(¹) Como ejemplos tomados de una rápida ojeada al Código Penal, véase los Arts. 109, 109½, 113, 140, 178, 188, 216, 226, 227, 260 y 264.

■ El Art. 223 del Código Penal no envuelve una indebida delegación de poderes legislativos a la Rama Judicial. Por la voluntad expresa de la Asamblea Legislativa, el Art. 223 estableció el delito de asalto o agresión con intención de cometer un delito grave, excepción hecha de asesinato y otros delitos señalados. Corresponde al tribunal o al juez dentro del proceso judicial investigar y determinar si el acusado ha cometido o no los actos imputádoles y, cuando proceda, el grado del delito cuya comisión ha sido prohibida por el estatuto. En Puerto Rico los delitos son de origen estatutario. *Corretjer* v. *Tribunal*, 72 D.P.R. 754, 760 (1961). La Rama Judicial no tiene poder inherente, ni el Art. 223 le confiere facultad inicial alguna de crear el delito por el cual el acusado fue juzgado. El Art. 223, como hemos visto, señala cuáles habrán de ser las penas a imponerse asignándole al juez la facultad de dictar la sentencia y fijar la pena que corresponda en el ejercicio de una sana discreción velando que la penalidad quede dentro de los límites legislativamente fijados en el estatuto. El ejercicio de esta facultad de los jueces en esta importantísima etapa del proceso judicial está reconocida por varias disposiciones del Código Penal, además del Art. 14 de dicho cuerpo legal. Así los Arts. 27 y 28 (33 L.P.R.A. secs. 48 y 49) preceptúan:

"Las diversas secciones de este Código que señalan penas a ciertos delitos, asignan al tribunal autorizado para sentenciar, la obligación de determinar e imponer la pena prescrita.

"Siempre que en este Código la pena señalada a algún delito quedare indeterminada entre ciertos límites, el tribunal autorizado para pronunciar sentencia deberá determinar la pena que hubiere de imponerse en un caso especial, dentro de los límites prescritos por este Código."

■ Son legión los casos nuestros que reconocen el principio de discreción que tienen los jueces en la fijación de la pena. *Torres Martínez* v. *Jefe Penitenciaría*, 93 D.P.R. 391 (1966) ; *Angleró Texidor* v. *Jefe Penitenciaría*, 92 D.P.R. 434

(1965); *Pueblo* v. *Jaimán Torres,* 86 D.P.R. 700 (1962); *Pueblo* v. *Monzón,* 72 D.P.R. 72 (1951); *Pueblo* v. *Liceaga,* 36 D.P.R. 443, 446 (1927). Como cuestión de hecho nuestro sistema de derecho penal necesariamente deja en el juez un gran margen de discreción en la imposición de la pena. Y es razonable que así sea pues le permite al juez distinguir entre los distintos delincuentes y aplicar la solución que amerite cada caso individualmente.

El hecho que la Asamblea Legislativa haya determinado que un delito castigable con pena de presidio y que apareje también la de multa o cárcel, se considere delito grave a menos que el tribunal, al dictar sentencia, imponga una pena que no fuere de presidio (Art. 14) no revela una preferencia legislativa hacia la imposición de sentencias de presidio. *In re Anderson,* 73 Cal. Rptr. 21, 447 P.2d 117, 126 (1968).

■ El apelante no ha citado ni hemos encontrado autoridad alguna que sirva de apoyo a su ataque al Art. 223 del Código Penal. Por el contrario, son varios los casos de California y otros estados que sostienen la validez de disposiciones similares a la nuestra contra el argumento de que violan el debido procedimiento, la igual protección de las leyes y el principio constitucional de separación de poderes. *In re Anderson,* supra, a la pág. 126; *State* v. *Logan,* 403 P.2d 279, 280 (Ariz. 1965); *People* v. *Reid,* 72 N.E.2d 812, *cert. den.* 332 U.S. 776 (Ill. 1947); *People* v. *Pryor,* 61 P.2d 773 (Cal. 1936); *Ex Parte O'Shea,* 105 Pac. 776 (Cal. 1909).

■ El apelante fue acusado del delito grave de ataque para cometer asesinato. Admitió la convicción en tres casos anteriores por ese delito. Fue convicto del delito de ataque para cometer homicidio en grado subsiguiente. La sentencia de 4 a 10 años de presidio se ajusta al margen permitido por ley.

*Se confirmarán las sentencias objeto del presente recurso.*

El Juez Presidente, Señor Negrón Fernández, y los Jueces Asociados, Señores Hernández Matos y Rigau, no intervinieron.