509 P.2d 245

**STATE of Arizona, Appellee,**

v.

**J. N. WAHLRAB, Appellant.**

**No. I CA–CR 463.**

Court of Appeals of Arizona,
Division 1,
Department B.
April 24, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Murray Miller, Philip M. Haggerty, Phoenix, for appellant.

EUBANK, Presiding Judge.

This appeal primarily challenges the constitutionality of our abortion statute A.R.S. § 13–211.

Appellant was charged with one count of intentionally procuring the miscarriage of a fetus by the use of an instrument, said miscarriage not being necessary to save the life of the mother, in violation of A.R.S. § 13–211. The constitutionality of the statute was drawn into issue by a motion to quash, which was denied, and the appellant was tried to a jury and found guilty.

This appeal from the judgment of guilt and sentence of two to four years in the State Prison was then filed.

Several procedural questions are raised on appeal, in addition to the constitutional issue, but in view of our resolution of the latter we do not reach those questions.

On January 22, 1973, the United States Supreme Court handed down its decisions in the companion cases of Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 34 L.Ed.2d 201, and Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 34 L.Ed.2d 147, generally invalidating abortion criminal laws. In Wade the Court considered a Texas statute penalizing the knowing procurement of an abortion by any person except for the purpose of saving the life of the mother. A.R.S. § 13–211, under which appellant was convicted, is similar to the Texas statute and is expressly noted in footnote number 2 of the opinion. After determining that a mother's right to personal privacy in the integrity of her own body is protected by the Fourteenth Amendment's concept of personal liberty, the Court held that this "fundamental right" might be limited only by such regulation as is justified by "compelling state interest", and outlined the scope of permissible state regulation. The Court then struck down the Texas abortion statutes as a unit holding that they were overbroad since they made no distinction between "abortions performed early in pregnancy and those performed later, and it limits to a single reason, 'saving' the mother's life, the legal justification for the procedure". (93 S.Ct. at 732). Rehearing was denied on these cases by the Supreme Court on February 26, 1973.

Following the two U. S. Supreme Court opinions, Division 2 of this Court noted that the opinions would likewise invalidate the Arizona abortion statute. It then reversed its earlier opinion holding our abortion statute constitutional. Nelson v. Planned Parenthood Center of Tucson, Inc., 19 Ariz.App. 142, 505 P.2d 580 (1973), as modified on rehearing. Petition for Review was denied by the Arizona Supreme Court on March 30, 1973. We agree with the conclusion reached by Division 2 and although we disagree with the Wade opinion we are bound by the U. S. Supreme Court decision. We therefore hold that appellant's conviction and sentence under our statute cannot stand.

Judgment of guilt and sentence set aside.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.