511 P.2d 196

**STATE of Arizona, Appellee,**

v.

**NEW TIMES, INC., Appellant.**

**No. 1 CA–CR 518.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 3, 1973.

**184**

------◆------

Gary K. Nelson, Atty. Gen., by William J. Schafer III, Asst. Atty. Gen., Phoenix, for appellee.

Finn, Finn & Wilkes, Ltd., by Herbert B. Finn and Elizabeth R. Finn, Phoenix, for appellant.

DONOFRIO, Presiding Judge.

Appellant New Times, Inc. was charged with having violated A.R.S. § 13–213, which makes it a misdemeanor to willfully write, compose or publish a notice of advertisement of any medicine or means for producing or facilitating a miscarriage or abortion. A.R.S. § 13–213, together with A.R.S. §§ 13–211 and 13–212, comprise Arizona's so-called abortion statutes, which were enacted at the same time, and have been consolidated, presented and revised as a unitary scheme since at least 1928. *See,* Chap. 104, §§ 4645–4646, Ariz.Rev.Code 1928, and Chap. 43, Art. 3, §§ 43–301 to 43–302, 3 Ariz.Code Ann. 1939.

A trial was held on the merits of the case in the Tempe City Court wherein New Times was found guilty of having violated A.R.S. § 13–213. Appellant then appealed to the Maricopa County Superior Court. The constitutionality of the statute was drawn into issue by motions to quash and to dismiss, which were denied, and the appellant was tried to the court sitting without a jury, and was again found guilty of the charge.

This appeal is from the judgment of guilt, and raises the primary issue of the constitutionality of A.R.S. § 13–213. This Court has jurisdiction to review a final judgment of a Superior Court in an action appealed from a Justice of the Peace or "police court", such as the Tempe City Court, where the action involves the validity of a statute. A.R.S. § 22–375, subsec. A; Hancock v. State, 31 Ariz. 389, 254 P. 225 (1927). *Cf.* State v. Guthrie, 66 Ariz. 41, 182 P.2d 109 (1947); State v. Fagerberg, 17 Ariz.App. 63, 495 P.2d 503 (1972); State v. Anderson, 9 Ariz.App. 42, 449 P.2d 59 (1969).

In determining that appellant's conviction cannot stand, we briefly refer to the chronology of cases, mostly of recent vintage, which have generally invalidated abortion criminal statutes as they exist today.

In 1962, the constitutionality of A.R.S. § 13–213 was drawn into question and the Arizona Supreme Court, at that time, determined that it was constitutional. Planned Parenthood Committee v. Maricopa County, 92 Ariz. 231, 375 P.2d 719

(1962). On January 22, 1973 the United States Supreme Court handed down its decisions in the companion cases of Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), and Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), in which the court held that abortion statutes similar to those of the State of Arizona were unconstitutional. Rehearing on these cases was denied by the Supreme Court on February 26, 1973. Following the two United States Supreme Court opinions, Division 2 of this Court noted that those opinions would likewise invalidate the Arizona abortion statutes, and specifically held that "A.R.S. §§ 13–211 through 13–213 are unconstitutional." Nelson v. Planned Parenthood Center of Tucson, Inc., 19 Ariz.App. 142, 505 P.2d 580, 590 (1973), as modified on rehearing. Petition for review was denied by the Arizona Supreme Court on March 30, 1973. Most recently, in State. v. Wahlrab, 19 Ariz.App. 552, 509 P.2d 245 (1973), Department B of this Division of the Court of Appeals reversed a conviction for violation of A.R.S. § 13–211, reaffirming the previous conclusions of Division 2 that A. R.S. § 13–211 was unconstitutional.

■ Now Department A is called upon to render an opinion on an issue which, at this juncture, is essentially moot. We need only say that we are bound by the conclusions previously reached by the courts, most notably the United States Supreme Court. We therefore reaffirm and find that the Arizona abortion statutes in their present form are unconstitutional, and specifically that A.R.S. § 13–213 is unconstitutional as it is part of one statutory plan.

Reversed.

OGG and STEVENS, JJ., concur.