516 P.2d 1226

**The STATE of Arizona, Plaintiff,**

v.

**Max Moisa SANCHEZ, Defendant.**
**No. 2786.**

Supreme Court of Arizona,
In Banc.
Dec. 6, 1973.

ministrative decision be subject to collateral attack when alleged under A.R.S. § 28–692.02?

If the answer to the foregoing question is yes, then the second question certified is as follows:

"2. Is A.R.S. § 28–692.02 unconstitutional for the reason that it creates a class of persons subject to felony prosecution for driving while intoxicated which is arbitrarily and unreasonably defined?"

The facts necessary for a determination of this matter on appeal are stated in the defendant's Memorandum as follows:

"The defendant was tried in the Superior Court of Maricopa County on January 31, 1973, on an information charging him with 'D.W.I. While License Suspended, Revoked or Refused, a felony * * *.' This charge was based on §.A.R.S. 28–692.-02, a statute added to the motor vehicle Code in 1972 for the purpose of rendering drunk driving a felony, rather than a misdemeanor, for a certain class of citizens.

"The State duly proved that the defendant's license was indeed revoked when he was arrested for drunk driving on October 6, 1972. The evidence of license revocation was presented through Gerald Kline, a Motor Vehicle Division official who identified government records evidencing the revocation. * * * Mr. Kline explained that the revocation by the Motor Vehicle Division was based solely on Court records of DWI convictions. These records show that the convictions which relate to the revocation were based on guilty pleas. They do not reveal whether he was at any time represented by counsel, or whether he was advised of his right to counsel, or whether he was advised of any right whatever. * * * At the end of the State's case the defendant moved that the information be dismissed on the grounds that the felony charge was based on prior misdemeanor convictions which the State did not show were constitutionally obtained. * * * The motion was taken under advisement. * * *

Moise Berger, Maricopa County Atty. by Edwin F. Cathcart, Jr., Deputy County Atty., Phoenix, for plaintiff.

Marks & Marks by Philip J. Shea, Phoenix, for defendant.

CAMERON, Vice Chief Justice.

This is a certification of two questions pursuant to Rule 346 of the Rules of Criminal Procedure, 17 A.R.S., in force and effect at the time this matter was considered.

The two questions are certified as follows:

"1. Can the Motor Vehicle Department revoke a person's driver's license upon two driving while intoxicated convictions resulting from a person's pleading guilty to driving while intoxicated in a court where he was not represented by counsel and had not effectively waived counsel; and, assuming the invalidity of the revocation, would that ad-

"The defendant testified that he had been convicted of DWI but that in every case he did so only because he did not have counsel because he could not afford one and that he had never been advised of his right to have counsel appointed for him. * * *."

QUESTION 1: REVOCATION OF THE LICENSE BASED UPON PRIOR CONVICTIONS OBTAINED WITHOUT REPRESENTATION OF COUNSEL

At the outset we note that the United States Supreme Court, in overruling the case of City of Cincinnati v. Berry, 34 Ohio St.2d 106, 296 N.E.2d 532 (1973), has held that the case of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), is to be given retroactive effect. Berry v. City of Cincinnati, Ohio, 414 U.S. 29, 94 S.Ct. 193, 37 L.Ed.2d 187, 5 November 1973. Therefore, we must first consider whether the two prior driving while intoxicated convictions, obtained when the defendant was not represented by counsel, are valid.

The United States Supreme Court in Argersinger, supra, stated:

"We must conclude, therefore, that the problems associated with misdemeanor and petty (footnote omitted) offenses often require the presence of counsel to insure the accused a fair trial. Mr. Justice POWELL suggests that these problems are raised even in situations where there is no prospect of imprisonment. Post, at 48, 92 S.Ct. 2006. We need not consider the requirements of the Sixth Amendment as regards the right to counsel where loss of liberty is not involved, however, for here, petitioner was in fact sentenced to jail. And, as we said in Baldwin v. New York, 399 U.S. [66] at 73, 90 S.Ct. [1886], at 1890. [26 L.Ed.2d 437]: '[T]he prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or "petty" matter and may well result in

quite serious repercussions affecting his career and his reputation.' (footnote omitted)

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (footnote omitted) 407 U.S. at 36–37, 92 S.Ct. at 2012.

The holding in Argersinger, supra, requires an attorney or a knowing and intelligent waiver thereof as a condition precedent to imprisonment no matter how petty the offense. Conversely, it does not require an attorney whenever loss of liberty is not involved. It follows that the civil revocation of a license pursuant to § 28-692.01 A.R.S., may be based upon a conviction for driving while intoxicated obtained as a result of a proceeding in which the defendant was not represented by counsel, and a person whose license has been thus validly revoked can be convicted under § 28-692.02 A.R.S. for driving while under the influence with a revoked license.

We agree with the 4th Circuit Court of Appeals which recently stated:

"Not only does it seem that Argersinger was not intended to apply retroactively to collateral consequences of a civil character as a result of an uncounseled misdemeanor conviction; its retroactive application in this context would not comport with the standards generally applied in determining the retroactivity of criminal decisions. * * * [I]f Argersinger, applied retroactively, is to open up traffic convictions terminated by service of sentence—which is the situation here—to attack for the sole, collateral purpose of providing a basis for invalidating a revocation or suspension of a driver's license, then the entire administrative procedure under both point-system statutes and habitual offender acts, as they were conducted prior to Argersinger, will be caught up in an impossi-

ble net of repetitive prosecutions, imposing an intolerable burden on traffic courts, if offending drivers are not to be turned loose upon the highways. The difficulties that such a decision would entail are well illustrated by this very case.

"It is doubtful that the traffic courts, burdened as they already are, are adequate to carry this additional burden [of tandem retrials]. Yet the alternative is to allow a large body of criminally careless drivers, whose past conduct represented a serious hazard to the traveling public, to resume their use of the public highways." Marston v. Oliver, 485 F.2d 705, 708 (4th Cir. 1973).

■ The answer to the first part of Certified Question Number 1 is *Yes*—the Motor Vehicle Department may revoke a person's driver's license based upon a driving while intoxicated conviction obtained when the driver was not represented by counsel and had not waived same.

QUESTION 2: IS § 28–692.02 A.R.S. UNCONSTITUTIONAL?

Section 28–692.02 A.R.S. reads as follows:

"A person whose operator's or chauffeur's license is suspended, revoked or refused and who commits the offense of driving a vehicle while under the influence of intoxicating liquor during the period of such suspension, revocation or refusal shall be punished upon conviction of such driving of a vehicle while under the influence of intoxicating liquor by imprisonment in the state prison for not less than one nor more than five years or by imprisonment in the county jail for not to exceed one year or by fine not exceeding one thousand dollars or both. Added Laws 1972, Ch. 160, § 2."

■ The purpose of this statute is quite clear. It is to deter those people, whose driving habits are such that their license has been revoked or suspended or who, because of other reasons, have been properly refused a license, from driving, and to provide severe punishment for those who do. It is obvious from this statute that a class of persons is created which is subject to severe prosecution, a felony, if they should drive while intoxicated. We do not, however, believe that the class is arbitrarily or unreasonably defined, and we believe the State has a valid and continuing interest in attempting to bar from the public highways those people in a rationally defined class whose driving habits have merited the attention from the State that the defendant and others similarly classified require.

In Uhlmann v. Wren, 97 Ariz. 366, 401 P.2d 113 (1965), we cited the United States Supreme Court in its clear statement concerning the equal protection clause:

" '1. The equal protection clause of the 14th Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary.

'2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality.

'3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.

'4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)." 97 Ariz. at 388, 401 P.2d at 128.

The United States Supreme Court has more recently stated:

"In applying [The Equal Protection] clause, this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. [citations omitted] The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute." Reed v. Reed, 404 U.S. 71, 75–76, 92 S.Ct. 251, 253–254, 30 L.Ed.2d 225, 229 (1971).

The answer to Certified Question Number 2 is *No*.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.