Eduardo Rivera **RUIZ**, Petitioner,

v.

Tomas Concepcion **MARTINEZ**, Warden of the Penitentiary of the Commonwealth of Puerto Rico, Respondent.

Civ. No. 827–71.

United States District Court,
D. Puerto Rico.

May 10, 1974.

Santos P. Amadeo, Rio Piedras, P. R., for petitioner.

Dept. of Justice of the Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

## OPINION AND ORDER

TOLEDO, Chief Judge.

Petitioner was convicted of two charges of murder in the Superior Court of Puerto Rico, Mayaguez Part, and sentenced to prison terms of fifteen and thirty years at hard labor on each charge, to be served concurrently. Petitioner was *again convicted and sentenced in the* same Court on May 4, 1970, for the crime of murder in the second degree. Said Court, in accordance with the provisions of Article 56 of the Penal Code of Puerto Rico, imposed upon him an indeterminate sentence of thirty to sixty years of imprisonment at hard labor to be served in the Penitentiary of the Commonwealth of Puerto Rico. It does not appear from the record that petitioner has exhausted his state remedies and for this reason the prosecuting attorney initially requested the dismissal of the petition.

We will discuss the issue regarding the exhaustion of available remedies. Counsel for petitioner alleges that the Supreme Court of Puerto Rico has passed upon and adversely decided the same constitutional questions raised herein in the case of People v. Santiago Padilla, 100 D.P.R. 782 (1972) and that it would be futile to pursue Commonwealth remedies. We agree with petitioner.

In People v. Santiago Padilla, supra, the Court ruled against the same contentions raised herein: that Article 56 establishing the classification of second offender deprives the accused of his liberty without the due process of law and the equal protection of the laws, and violates the doctrine of separation of power, as dictated by the Constitution of the Commonwealth of Puerto Rico. To raise the same constitutional issues before the Supreme Court of Puerto Rico would be a waste of time for it is evident that no relief would be granted. Under the special circumstances of this case, it has been clearly demonstrated that no state remedy could be pursued effectively. Reed v. Beto, 343 F.2d 723 (5 Cir. 1965); United States ex rel. Michelotti v. Price (D.C.Pa.1964), 230 F.Supp. 505. See also Ronald P. Sokol, Federal Habeas Corpus, The Michie Company, Charlotenville, Sa 1969, at p. 174.

Petitioner challenges the constitutionality of his sentence as a second offender pursuant to Article 56 of the Penal Code of Puerto Rico as depriving him of his liberty without due process of law and in violation of the equal protection provisions of the Fifth Amendment to the Constitution of the United States, and in violation of the doctrine of the separation of powers.

To support his contention, he brings to the Court's attention a case decided by the Supreme Court of California, People v. Tenorio, 3 Cal.3d 89, 473 P.2d 993, 89 Cal.Rptr. 249 (1970), and its subsequent ratification in People v.

Benn, 7 Cal.3d 530, 489 P.2d 433, 102 Cal.Rptr. 593 (1972) and In re Romero Cortez, 66 Cal.3d 78, 490 P.2d 819, 98 Cal.Rptr. 307 (1971). The decision in the *Tenorio* case, supra, can be distinguished from the issue at bar. There the defendant was convicted of the offense of possession of marihuana, in violation of the Health and Safety Code. He admitted an eight year old prior conviction for the same offense. The trial court dismissed the allegation of a prior conviction without the approval of the prosecutor, in direct violation of Section 11718 of the above mentioned Code.

Section 11718 specifically provided that no prior conviction found true "may be dismissed by the court or stricken from the accusatory pleading except upon motion of the district attorney". It therefore conditioned the judicial power of dismissal by making it dependent upon a prosecutor's prior approval. The Supreme Court of California held that in the light of the doctrine of separation of powers, the power granted to the prosecuting attorney prohibited the judicial power from exercising its discretion in the imposition of the penalty. We must emphasize that no such discretion has been awarded to the Puerto Rican Courts by the legislative power, and even if the courts in Puerto Rico were to be found to have that discretion, there is nothing in the law which would make it subject to the approval of the prosecutor.

Article 56 of the Penal Code of Puerto Rico provides the trial courts with no power to strike priors, but obliges them, once the subsequent nature of the offense has been established to faithfully observe the strict language of the law and impose a more severe penalty on the subsequent offender. Sanchez v. Angelli, 89 D.P.R. 154 (1957). It has been repeatedly held by the Supreme Court of Puerto Rico that the modifier "subsequent" only affects the discretion of the trial judge upon imposing the penalty to the defendant once he has been convicted. People v. Caban Rosa, 92 P.R.R. 844 (1955). It should be therefore concluded that the only discretion afforded by the aforesaid Section relates only to the margin of fluctuation between the minimum and maximum of the penalty as fixed by the legislative power, and it has nothing to do with the power to dismiss a prior charge with the approval of the prosecutor, as was the case in *Tenorio*, supra.

On several occasions the Supreme Court of the United States has upheld the constitutionality of the so called recidivist statutes against contentions that they violate strictures such as due process, equal protection, double jeopardy, ex post facto laws, cruel and unusual punishment, and privileges and immunities. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446; Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683; Graham v. Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L. Ed. 917; McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Moore v. Missouri, 159 U.S. 673, 16 S. Ct. 179, 40 L.Ed. 301. It must be noted that similar statutes have been enacted in all the states. See 58 A.L.R. 20; 82 A.L.R. 345; 79 A.L.R.2d 826.

We also note that the identical issue raised in this case was decided adversely in a pre-*Tenorio* case in California. In that case a statute of the nature considered herein was attached as a delegation of legislative power to the prosecutor, and was held to be valid. In People v. Mock Don Yuen, 67 Cal.App. 597, 227 P. 948, defendant was prosecuted under a statute which provided that, upon the first conviction of the offense of unlawful possession of forbidden narcotic drugs, the defendant was to be deemed guilty of a misdemeanor, and that "for the second and each subsequent offense of which said person so convicted shall be found guilty, said person shall be deemed guilty of a felony." Appellant contended that, since the second or subsequent offense could not be punished as a felony unless the indictment or information charged a previous conviction, then the prosecutor would have it arbitrarily within his discretion to punish

the prisoner for a felony or misdemeanor by charging or failing to charge the previous conviction; and that as a result the statute was unconstitutional. The court sustained the constitutionality of the statute by holding that "the contention is so patently untenable as to merit no further discussion."

■ With regard to the various issues raised by petitioner in his original petition filed pro se before this Court, they are frivolous and have not been pursued beyond the initial documents filed in the action. Although he alleges not being advised of his constitutional right to private counsel during the investigative process, petitioner fails to show how any admissions made at such time substantially incriminated him if and when they were used as evidence against him. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1969); Rivera Escute v. Delgado, 92 D.P.R. 765 (1965). More so when we note that he was convicted upon a plea of guilty and the government was not required to prove its case. In addition, during his guilty plea he was rightfully assisted by counsel.

■ ■ Petitioner also contends that he was deprived of his right to a preliminary hearing, as provided by Rule 23 of the Rules of Criminal Procedure of Puerto Rico. We deem it enough to say not only that such right may be waived, as it was actually done by petitioner in the present case; but that he also fails to raise a federal constitutional claim, in view of this Court's decision in Martinez v. Concepción, Civil 418–72, Order of March 26, 1973.

On March 12, 1974, petitioner's counsel was given ten days to present objections to the recommendation submitted by the Honorable U. S. Magistrate. To this date, we have not received any objection.

Because of the foregoing, the petition should be and is hereby dismissed.

It is so ordered.