552 P.2d 773

**STATE of Arizona, Respondent,**

v.

**Walter BARONICK, Petitioner.**

**No. I CA–CR 1683–PR.**

Court of Appeals of Arizona, Division 1, Department B.

July 15, 1976.

Moise Berger, Maricopa County Atty., by Norman C. Keyt, Phoenix, for respondent.

Earl Terman, Scottsdale, for petitioner.

## OPINION

JACOBSON, Presiding Judge.

The defendant has sought a "Petition for Review" in this court of the superior court's affirmance of his conviction in the Justice of the Peace Court of driving while under the influence. This opinion concerns itself with the propriety of such a review. The procedural facts are as follows:

After a trial by jury in the East Mesa Justice Court, petitioner was found guilty of driving while under the influence of intoxicating liquor and was sentenced to pay a fine of $240 and to serve ten days in jail. Petitioner filed a notice of appeal to the Superior Court of Maricopa County. On October 30, 1975, the superior court affirmed petitioner's conviction. Petitioner then filed a motion for rehearing pursuant to the Rules of Procedure for Appeals to Superior Court from the Final Judgment of a Justice or Police Court, 17A A.R.S., Rule 13. (1975 Supp.) (Hereinafter referred to as Lower Court Appeal Rule of LCA).

LCA Rule 13(a) provides:

"a. Any party desiring rehearing of a decision or order of the appellate court [superior court] which finally disposes of the case, except for an order denying rehearing, may file a motion for rehearing within 5 days after service of the decision or order.

\* \* \* \* \* \*

"b. No further appeal may be taken from a final decision or order under these rules, except as provided by A. R.S. § 22–375."

The motion for rehearing was denied on November 18, 1975. On November 25, 1975, petitioner filed a petition for review in the Maricopa County Superior Court requesting that the Arizona Court of Appeals review the judgment against him. Petitioner has not filed a notice of appeal.

Petitioner reasons that a petition for review is the appropriate procedural device for seeking a review of a superior court decision affirming a verdict of the Justice Court. Petitioner argues that because there are no specific procedural rules as to appeal in such circumstances, Rule 31.19 of the Rules of Criminal Procedure, 17 A.R. S., controls. Petitioner analogizes the Superior Court to the Court of Appeals and the Court of Appeals to the Arizona Supreme Court. Therefore, he concludes that a petition for review is the appropriate remedy. We disagree.

A.R.S. § 22–375(A) provides:

"An *appeal* may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute." (emphasis added)

There is nothing in either the Rules of Criminal Procedure or the Rules of Procedure relating to appeals from justice courts that indicates that the Court of Appeals may review a final judgment of a superior court other than by appeal and then only under the circumstances set forth in the statute. In fact LCA Rule 13(b) specifically provides that "no further appeal may be taken . . . ." LCA Rule 1(b) which is relied upon by petitioner provides that "the Arizona Rules of Criminal Procedure governing appeals in criminal actions from the Superior Court to the Court of Appeals and Supreme Court shall govern appeals taken to the Superior Court . . . in situations where no rule is specified herein, and insofar as such Rules are practicable." However, this rule relates only to appeals taken *to* the Superior Court and not to appeals taken *from* the Superior Court. LCA Rule 1(a).

Further, Rule 31.19, Rules of Criminal Procedure, deals only with petitions for review to the Supreme Court not to the Court of Appeals. In fact, Rule 31.1, Rules of Criminal Procedure, specifically states that it "governs the procedure for appeals from the Superior Court of Arizona to the Arizona Supreme Court or Court of Appeals . . . ." Therefore, the general provisions of Rule 31 would appear to be applicable rather than the analogous provisions of Rule 31.19.

In light of the express language of the Rules and the statute, we hold that petitioner's proper course of action is limited to an appeal of the Superior Court's ruling. In our opinion this holding, limiting access to this court by appeal only, is based on valid policy reasons. First, because the appeal is limited by A.R.S. § 22–375(A) to "action[s] involv[ing] the validity of a tax, impost, assessment, toll, municipal fine or statute", the appeals will generally concern matters of importance to the state at large. Thus, it is appropriate to give the petitioner the full range of procedural rights including the right to file briefs and request oral argument.

Second, the statute provides for the right of appeal. It is not without this court's province to change this statutory right to a discretionary review by this court under a petition for review procedure.

Third, Rule 31.19, Rules of Criminal Procedure, does not permit a response to a petition for review. However, in many cases an appellee may wish to question this court's jurisdiction based upon A.R.S. § 22–375. It would not be appropriate to raise this argument in a response to a motion for rehearing because an appeal to this court would not have been taken at that time. Therefore, unless an appeal is the proper procedure, there would be no way for an appellee to contest this court's jurisdiction.

We therefore hold that this court lacks jurisdiction to proceed further with this matter under petitioner's "Petition for Review" filed in the superior court, except to dismiss. We do note, however, that the merits of petitioner's review may encompass matters properly falling within the purview of A.R.S. § 22–375 and that it may not be the fault of petitioner that the attempted review in this court was by way of petition for review rather than appeal. The question of the propriety of granting a delayed appeal, however, should be determined by the superior court under Rule 32, Rules of Criminal Procedure. Nothing stated in this opinion should be taken as an indication of how the trial court should rule on such a Rule 32 petition, if filed.

Petitioner's "Petition for Review" is dismissed.

SCHROEDER and WREN, JJ., concur.