564 P.2d 1255

The STATE of Arizona, Appellee,

v.

Jerry Lee WILLIAMS, Appellant.

No. 2 CA-CR 944.

Court of Appeals of Arizona,
Division 2.

March 30, 1977.

Rehearing Denied April 27, 1977.

Review Denied June 1, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was indicted for armed robbery, the unlawful wearing of a mask, and assault with a deadly weapon, found guilty by a jury of all three charges and sentenced to serve not less than 5½ years nor more than 6 years in the Arizona State Prison on the charge of armed robbery with a gun. Concurrent sentences of not less than 5 nor more than 5 years and 1 month for the assault with a deadly weapon conviction and not less than 1 nor more than 3 years for the unlawful wearing of a mask conviction were also imposed.

Appellant asserts no error in the proceedings giving rise to the guilty verdict but merely challenges the constitutionality of A.R.S. § 13–249(B) and A.R.S. § 13–643(B). He claims that these statutes which require that a person committing an assault while armed with a gun or robbery while armed with a gun must serve the minimum sentence imposed, without eligibility for suspension or commutation of sentence, probation, pardon or parole, are violative of Article 3 of the Arizona Constitution and constitute cruel and unusual punishment.

Article 3, Arizona Constitution provides for the separation of powers among the legislative, executive and judicial branches of the government and consequently no branch can exercise any power which directly or indirectly tends to limit the constitutional independence and power of the other branches of government. *Ahearn v. Bailey,* 104 Ariz. 250, 451 P.2d 30 (1969). Appellant argues that the legislative branch has infringed upon the judicial branch in

matters which are solely within the powers of the judiciary to handle. He recognizes that the legislative branch has the power and right to set the statutory penalty for any crime but contends that when the legislature requires a mandatory prison sentence, it has invaded the judicial power to determine what will happen to a particular defendant. He points out that in addition to not being eligible for probation, he would not be entitled to the "good time credits" under A.R.S. § 31–251 and the "double time credits" under A.R.S. § 31–252. As to the latter contention, our Supreme Court has recently held otherwise. *Arnold v. Moran,* 114 Ariz. 335, 560 P.2d 1242 (filed February 24, 1977).

We find no merit in appellant's contention that the mandatory prison sentence prescribed by the legislature is an unconstitutional invasion of the judicial domain. The legislature properly exercised its power to prohibit suspension of a sentence as an inherent part of its power to prescribe punishment for the acts which it has prohibited as criminal. *Black v. State,* 509 P.2d 941 (Okl.Crim.1973); *State v. Normand,* 285 So.2d 210 (La.1973); *Smith v. United States,* 284 F.2d 789 (5th Cir. 1960); 16 C.J.S. Constitutional Law § 128(b). Although it has not specifically passed upon this question, our Supreme Court has recognized that probation is a matter of "legislative grace," *State v. Smith,* 112 Ariz. 416, 419, 542 P.2d 1115 (1975), and that absent legislative authority, the superior courts of this state have no authority to grant probation. *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976).

Appellant also argues that mandatory sentences constitute cruel and unusual punishment. He recognizes that the courts of this state have held otherwise. *State v. Guthrie,* 111 Ariz. 471, 532 P.2d 862 (1975); *State v. Stadie,* 112 Ariz. 196, 540 P.2d 668 (1975); *State v. O'Donnal,* 110 Ariz. 552, 521 P.2d 984 (1974). Appellant's reliance upon the United States Supreme Court decision in *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), striking down a mandatory death penalty law, is misplaced. The court carefully pointed out:

"This conclusion rests squarely on the predicate that the penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case." 428 U.S. at 305, 96 S.Ct. at 2992, 49 L.Ed.2d at 961.

Finding no constitutional infirmity in the statutes attacked by appellant, we affirm.

HOWARD, C. J., and RICHMOND, J., concurring.