617 P.2d 543

**STATE of Arizona, Appellee,**

v.

**Jesus RENTERIA, Appellant.**

**No. 1 CA–CR 3552.**

Court of Appeals of Arizona,
Division 1,
Department C.

June 7, 1979.

Rehearing Denied Aug. 30, 1979.

Andy Baumert, City Atty., by Oscar L. Sutton, Asst. City Prosecutor, Phoenix, for appellee.

Frederick M. Aeed, Phoenix, Jim Robert Junker, Scottsdale, for appellant.

## OPINION

CONTRERAS, Judge.

Appellant was convicted in the Phoenix City Court of a violation of former A.R.S. § 28–692 [1] which is commonly referred to as driving a motor vehicle while under the influence of intoxicating liquor (DWI). Since appellant had previously been convicted of this same offense and both convictions were within a twenty–four month period, he was sentenced to serve 60 days in jail pursuant to the provisions of former A.R.S. § 28–692.01 B. Appellant's city court conviction and sentence were appealed to the Maricopa County Superior Court which affirmed both the conviction and sentence. This timely appeal followed.

Appellant brings this appeal raising two issues for our consideration. He first contends that a proper interpretation of former A.R.S. § 28–692.01 B should be that it does not require that a person who has been convicted twice within a twenty–four month period for driving while under the influence of alcohol must serve a mandatory minimum of 60 days in jail. The second prong of his attack on the statute is based upon constitutional considerations–that is, assuming the statute requires imposition of a mandatory minimum of 60 days in jail, appellant contends that he is being denied equal protection of the law and is being subjected to cruel and unusual punishment.

We are of the opinion that this court lacks jurisdiction to consider the merits of appellant's first contention relating to a

---

1. Reference is made to "former" for the reason that the legislative enactment of the Arizona Criminal Code which became effective October 1, 1978, of necessity required this and numerous other statutes to be amended. It is to be noted that the substance of the former statute is contained in present A.R.S. § 28–692.

proper "interpretation of the statute"; however, we do have jurisdiction to consider appellant's contentions relating to alleged constitutional infirmities. A.R.S. § 22–375.

In connection with this court's jurisdiction to consider the first issue presented by appellant, we note that appeals from justice or police [*i. e.,* city] courts in criminal matters are governed by the procedures set forth in 17A A.R.S., Rules of Procedure for Appeals from Justice or Police Court to Superior Court. With respect to jurisdiction, Rule 13 b of these rules of procedure provides:

"b. No further appeal [from superior court] may be taken from a final decision or order under these rules, except as provided by ARS 22–375." (explanation supplied).

The excepted "further appeal" limitations of A.R.S. § 22–375 are expressly limited to actions involving the "validity of a tax, impost, assessment, toll, municipal fine or statute."

■ It is clear that appellant's first contention involves the city court judge's "interpretation" of the subject statute. As such, it does not involve the "*validity* of a . . . statute" which is prescribed as a jurisdictional requisite in A.R.S. § 22–375 and, accordingly, this court lacks jurisdiction to consider appellant's argument on this issue. *State v. Baronik,* 27 Ariz.App. 184, 552 P.2d 773 (1976); *State v. Fagerberg,* 17 Ariz. App. 63, 495 P.2d 503 (1972).

■ However, appellant's second contention stands on a different footing. Basing his argument on the assumption that the 60–day sentence to be imposed under the statute is mandatory, appellant contends that imposition of the minimum 60 days in jail when a person has been twice convicted of DWI within a 24–month period denies equal protection of the law and subjects an offender to cruel and unusual punishment. Since, in this context, the validity of the statute is being questioned upon constitutional grounds, this court does have jurisdiction to consider the second contention. *State v. Yabe,* 114 Ariz. 89, 559 P.2d 209 (App.1977); *State v. New Times, Inc.,* 20

Ariz.App. 183, 511 P.2d 196 (1973); *Shenfield v. City Court of City of Tucson, Pima County,* 8 Ariz.App. 81, 443 P.2d 443 (1968).

In furtherance of the claimed violation of equal protection, appellant states that the statute creates two classifications: (1) those who receive two or more DWI convictions within a 24–month period and are thus subjected to the enhancement provisions of the statute and (2) those who do not receive two DWI convictions within a 24–month period and who are therefore not subjected to the enhancement provisions of the statute. Appellant is obviously correct in his observation that two classes are implicitly created by the statute.

In line with the legislatively created "classification", and in support of his claim that the statute denies equal protection, appellant asserts the following hypothetical situation. A and B are arrested on January 1, 1976, for driving while intoxicated. Their trials are conducted in different courts on the same day and they are both found guilty on March 1, 1976. Two years later, on January 1, 1978, A and B are both arrested again for driving while intoxicated as a result of celebrating the new year. A is convicted of the second DWI offense on February 25, 1978, and is sentenced to a minimum of 60 days' jail time pursuant to former A.R.S. § 28–692.01 B. On the other hand, B's attorney makes various motions and, as a result, B's trial is not held until March 15, 1978. On that date, B is found guilty of the second charge of DWI. B's two convictions, however, are more than 24 months apart and, therefore, he does not come under the enhancement provisions of former A.R.S. § 28–692.01. Appellant argues that the hypothetical illustrates that the statute is arbitrary and discriminatory, and that there is no rational basis for distinguishing between the two classes. We disagree.

Enhancement or recidivist statutes, as they are commonly referred to, have continually been upheld as a perfectly legitimate domain of legislative regulation as against contentions that such statutes violate constitutional strictures dealing with equal

protection and cruel and unusual punishment. *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); *Wessling v. Bennett,* 290 F.Supp. 511 (1968), *aff'd,* 410 F.2d 205 (1969), *cert. denied,* 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 248 (1969); *Ruiz v. Martinez,* 385 F.Supp. 800 (1974). In fact, the Supreme Court has stated that "the constitutionality of the practice of inflicting severe criminal penalties upon habitual offenders is no longer open to serious challenge." *Oyler, supra,* at 451, 82 S.Ct. at 503.

■■■ In order to sustain an enhancement statute on equal protection grounds, it is only necessary that the classification rest on some "difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and [the classification] can never be made arbitrarily and without any such basis." *McLaughlin v. Florida,* 379 U.S. 184, 190, 85 S.Ct. 283, 287, 13 L.Ed.2d 222 (1964); *see also Wessling v. Bennett, supra,* 290 F.Supp. at 515. It is when the selection is based upon an unjustifiable standard such as race, religion or other arbitrary classification that there is a denial of equal protection. *State v. Deddens,* 112 Ariz. 425, 542 P.2d 1124 (1975), *citing Oyler, supra.*

■■■ The legislative determination set forth in former A.R.S. § 28–692.01 is clearly not based on an arbitrary classification. There is a rational basis for the distinction [*i. e.,* classification] between those drivers who have had a recent DWI conviction and those who have not. The legislature has provided increased punishment only for those who have demonstrated their danger to society by being found guilty of driving while under the influence of alcohol within the immediately preceding period of 24 months. As the state points out, the 24–month limitation on alleging prior convictions and thus obtaining enhanced sentences serves to prevent inherent unfairness which would result if DWI defendants were given enhanced sentences as the result of a prior conviction in their distant past. The legislative classification acknowledges the distinction between habitual, problem drinkers who drive, and thus provide a danger to society, and the occasional social drinker who drives.

Further, the classification created bears a reasonable and rational relation to the state's objective of protecting the public in general. The statute seeks to attain this objective by attempting to deter intoxicated individuals from operating vehicles on the highway after a first DWI conviction by prescribing enhanced punishment for those who are not so deterred. Although, as artfully pointed out by appellant's counsel in the posed hypothetical situation, certain inequities may on occasion result in a given factual setting because of the chronological framework of prosecution, we cannot say that this constitutes a denial of equal protection of the law. Merely because in practice some inequality may possibly result, the statute is not thereby rendered unconstitutional. *See State v. Sanchez,* 110 Ariz. 214, 516 P.2d 1226 (1973).

Our conclusion is supported by the decision in *State v. Sanchez, supra,* in which our Arizona Supreme Court upheld former A.R.S. § 28–692.02 against a constitutional attack that the statute created a class of persons subject to felony prosecution for driving while intoxicated.[2] In *Sanchez,* the supreme court expressly recognized that a legislatively created classification is not arbitrary and does not offend the "equal protection" clause if there is a reasonable and rational basis for the classification. In our opinion, the instant legislative classification is not arbitrary and it is a reasonable response to the increasing social problem of driving while intoxicated.

Appellant finally contends that he was subjected to cruel and unusual punishment. In support of this contention he asserts that his sentence was inappropriate because the trial court stated that it would not impose

---

**2.** Former A.R.S. § 28–692.02 renders the offense of Driving while Intoxicated–while the person's driver's license is suspended, revoked, or refused–a felony. Regarding the reason for referential use of the qualifying word "former", *see* note 1, *supra.*

the 60-day jail sentence if the sentence were not required by statute. In support of this contention, he maintains that the statute deprived the trial court of authority to consider mitigating circumstances before passing sentence.

██ Again alluding to federal decisions, the Supreme Court has consistently held that enlarged penalties under recidivist statutes do not impose cruel and unusual punishment. *See, e. g., Spencer v. Texas, supra; Wessling v. Bennett, supra.* We hold the same to be true here. Additionally, we have expressly held that the legislature has the authority to prescribe the imposition of a mandatory sentence for an act which it has prohibited and the sentence so prescribed does not constitute cruel and unusual punishment. *State v. Williams,* 115 Ariz. 288, 564 P.2d 1255 (App.1977); *State v. Stadie,* 112 Ariz. 196, 540 P.2d 668 (1975); *State v. Guthrie,* 111 Ariz. 471, 532 P.2d 862 (1975). We further note that in *State v. Williams, supra,* it was determined that a mandatory sentence prescribed by the legislature is not an unconstitutional invasion of the power of the judiciary. As succinctly stated in *Williams* :

"We find no merit in appellant's contention that the mandatory prison sentence prescribed by the legislature is an unconstitutional invasion of the judicial domain. The legislature properly exercised its power to prohibit suspension of a sentence as an inherent part of its power to prescribe punishment for the acts which it has prohibited as criminal." [citations omitted]. 115 Ariz. at 289, 564 P.2d at 1256.

We conclude that there are no constitutional violations on any of the grounds asserted by appellant. For the foregoing reasons, the conviction and sentence are affirmed.

EUBANK, P. J., and HAIRE, J., concur.

## OPINION ON REHEARING

CONTRERAS, Judge.

The State of Arizona, as Appellee, has filed a Motion for Rehearing for the sole and limited purpose of seeking clarification of a point of law. Since the point of law with which the State is concerned is of statewide importance, we grant the Motion for Rehearing and clarify our previously issued Opinion.

The issues before this Court on appeal involved the constitutionality of the 60-day mandatory minimum sentencing provision contained in A.R.S. § 28-692.01 B. More specifically, Appellant contended that the imposition of the minimum 60 days in jail when a person has been twice convicted of driving a motor vehicle while under the influence of intoxicating liquor (DWI) within a 24-month period is a denial of equal protection of the law and constitutes cruel and unusual punishment. We concluded that there were no constitutional violations on the grounds asserted by Appellant. The particular statute challenged read: i. e., A.R.S. § 28-692.01 B:

B. When a person convicted of a violation of § 28-692 has been previously convicted of a violation of either § 13-456, subsection A, paragraph 3, 28-708, or 28-692 within a period of twenty-four months such person shall be punished by imprisonment for not less than twenty days nor more than six months, and, in the discretion of the court, by a fine of not less than one hundred fifty nor more than three hundred dollars. *When a person is convicted of a second or subsequent violation of § 28-692 within a period of twenty-four months, such person shall be punished by imprisonment for not less than sixty days nor more than six months,* and, in the discretion of the court, by a fine of three hundred dollars. In addition, the judge shall require the surrender to him of any operator's or chauffeur's license of such convicted person and shall immediately forward to the department the license with the abstract of conviction. The department upon receipt thereof shall revoke the driving privilege of such person. *The dates of the commission of the offense shall be the determining factor in applying this rule.* A second or subsequent violation for

which a conviction occurs as provided in this section shall not include a conviction for an offense arising out of the same series of acts. No judge may grant probation to or suspend the imposition of a jail sentence or fail to require the surrender to him of any license of any person for a second or subsequent conviction. If in the court's opinion the offender has the problem of habitual abuse of alcohol or drugs the court may require the person to obtain treatment under its supervision. (Emphases supplied)

Upon examining this statute, it initially appears that in order for the 60–day mandatory minimum sentencing provision to become operative, a person must be *convicted* of a second violation of A.R.S. § 23–692 within a 24–month period. In its Motion for Rehearing, the Appellee states that it is the *date of offense commission* and not the *date of offense conviction* which is controlling with respect to the mandated sentencing for a person convicted of two DWI offenses within a period of 24 months. The basis for this statement is that portion of the statute which states:

" . . . The dates of the commission of the offense shall be the determining factor in applying this rule. . . ."

■ Although the foregoing quoted portion of the statute regarding *date of offense commission* is immediately preceded by a statutory provision mandating revocation of a person's driving privilege, it could be argued that such "rule" relates solely to revocation of driving privileges; however, such is not the case. We are of the opinion that it was the intent of the legislature that the legislatively mandated "rule" relating to *date of offense commission* governs both the 60–day mandatory minimum sentencing provision of the statute along with the administrative revocation of license privileges of a person so convicted and we so hold. With the foregoing clarification, our previous opinion is affirmed.

EUBANK, P. J., and HAIRE, J., concur.